## School Trustees Township 14 N., R. 5 W.

### v.

## The People ex rel. Japhet A. Ball.

1. Mandamus—*to compel trustees of schools to form new school districts.* A party petitioning for a *mandamus* to compel the trustees of schools to form a new school district, must show that he is a resident of the district proposed to be made, before the writ can be allowed.

2. Where it appears that a petitioner for a writ of *mandamus* is presenting a matter in which he has a direct personal interest, the petition should contain the proper allegations to bring himself favorably before the court, to give him a *status* in court.

3. School districts—*petition for division of, must show a case clearly within the law.* A petition seeking to effect a division of a long established school district, should make a case within the express provisions of the statute before the trustees can be required to act.

4. And a failure to show, in the petition, that the school district sought to be divided has no bonded debt, and that the boundary of the new district does not come nearer than one mile to a school house, and that the petition is signed by all the voters of the new district, and that such new district contains not less than five families, is fatal to the petition, and the trustees can not be required to act upon it.

Appeal from the Circuit Court of Sangamon county; the Hon. Charles S. Zane, Judge, presiding.

Messrs. Stuart, Edwards & Brown, for the appellants.

Messrs. McClernand & Keyes, for the appellees.

Mr. Chief Justice Breese delivered the opinion of the Court:

This was an application for a *mandamus*, to compel certain trustees of schools to form a new school district, under section 33 of the School Law of 1872. Sess. Laws, 700. The trustees, by their counsel, demurred to the petition. The court overruled the demurrer, and directed the writ to issue, from which judgment the trustees appeal.

Appellants make the point that a *mandamus* will not lie in such a case as this, on the ground the relator does not show any interest separate and distinct from that of the general public. This objection, appellees insist, is removed by the decision in *The County of Pike* v. *The State*, 11 Ill. 202, where it was held, if this remedy is resorted to for the enforcement of a private right only, the relator must show his interest, but where it is asked to enforce a public right, or to compel the performance of a public duty, the people are regarded as the real party, and the relator need not show that he has any special legal interest in the result. It is enough that he is interested, as a citizen, in having the laws executed and the right in question enforced. But we think, notwithstanding this ruling, the petitioner should show he is in a position, by residence in the school district proposed to be made, before he can be allowed this writ. This he does not show. He merely alleges in his petition that he has been a resident and qualified voter in the township and district more than thirty years, *non constat* that he is a resident in the proposed new district. The case shows petitioner is prosecuting a matter in which he has a direct personal interest, and should, therefore, contain the proper allegation to bring himself favorably before the court—to give him a *status* in court. *The People, etc.* v. *Supervisors of Vermilion County*, 47 Ill. 256.

It is claimed, by appellants, this proceeding is not brought within the third clause of the thirty-third section of the School Law of 1872. What is that clause? "*Third.* Upon petition of all the voters in any territory containing not less than five families, representing that they are not properly accommodated with school privileges, but will be by being added to another district, or formed into a new district; and upon petition of a majority of the voters of such other district, if any, it shall be the duty of the trustees of the township, or townships, in which such territory or territory and district are situated, to set off such territory : *Provided,* such change shall not be made when the district from which the

petitioner desires to be severed has a bonded debt, nor where the new district line will be brought nearer than one mile to any school house." p. 710.

This petition, it will be seen, prays for the erection of a new district, by severing one established more than thirty years. As ground for such action by the school trustees, a compliance with the requirements of the law must be shown.

This petition fails to show the district from which the petitioners desire to be severed has no bonded debt, and that the boundary line of the proposed district does not come nearer than one mile to any school house, nor is the petition signed by all the voters of the territory sought to be organized as a school district, and that such territory contains not less than five families.

These omissions are fatal to the petition, and the demurrer should have been sustained.

Every petition of this nature, seeking to effect a division of a long established school district, should make a case within the express provisions of the statute, before the trustees can be required to act. Such a movement by a few interested persons, if successful, is necessarily followed by an increase of officers, who derive some of their support from the labors of the people, by an increase of taxes, which tends to the impoverishment of the people, and by the frequent and apparently unnecessary changes made by superintendents of schools in books for the pupils, entailing burdens upon their parents which many of them are illy able to bear. In view of all these, the requirements of the statute should be insisted upon.

For the reasons given, the judgment of the circuit court is reversed.

*Judgment reversed.*