## Sarah Alwood *et al.*

### *v.*

## Henry Mansfield *et al.*

Injunction bond—*damages must be assessed on dismissal of injunction suit.* The act of 1874, providing that a failure to assess damages on the dismissal of a suit where an injunction is granted shall not operate as a bar to

an action on the injunction bond, only applies to bonds entered into after it took effect, and has no operation as to bonds entered into before that time, although the dismissal of the suit may be subsequent thereto.

APPEAL from the Circuit Court of Tazewell county; the Hon. JOHN BURNS, Judge, presiding.

Mr. WILBUR F. HENRY, for the appellants.

Mr. B. S. PRETTYMAN, and Mr. W. L. PRETTYMAN, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Appellants entered into an injunction bond on the 2d day of March, 1874, under a bill filed in the Mason circuit court. The venue of the case was changed to Tazewell county. On motion of the defendants, the injunction was, on the 17th day of February, 1875, dissolved and the bill dismissed, but no damages were then assessed. Appellees, thereupon, brought debt on the bond, and appellants filed a demurrer to the declaration, which was overruled by the court, and defendants abided by their demurrer, whereupon the court rendered judgment on the demurrer, and assessed damages in favor of appellees, at the sum of $100, and rendered judgment against defendants for that sum, and they appeal.

It is urged, as ground of reversal, that appellees, failing to have their damages assessed when the bill was dismissed, can not recover on an assessment of damages made in the action on the bond. In the cases of *Roberts* v. *Fahs*, 36 Ill. 268, *Russell* v. *Rogers*, 56 Ill. 178, and *Brownfield* v. *Brownfield*, 58 Ill. 152, it was held, that, under the statute of 1861, p. 133, to enable the obligee to recover in a suit on the bond, the damages must be assessed on the dissolution, and in the suit in which the injunction was granted; that such was the effect of the act of 1861.

But, in this case, it is urged that the act of 1874, R. S. p. 580, sec. 12, has changed the act of 1861. This latter act re-enacts the provisions of the former act, with a proviso that a

failure to assess the damages on the dismissal of the suit in which the injunction is granted, shall not operate as a bar to an action on the injunction bond, and it is urged that, as the dissolution was had after the act of 1874 went into effect, there was no bar to a recovery. On the other hand it is replied, that the injunction bond was executed when the act of 1861 was in force, and that the rights of the parties are fixed by that act, and that to give the act of 1874 a retroactive effect would be to impair the obligation of the contract, and would violate the constitution.

Would such a construction have that effect? Under the law of 1861, the cases referred to hold that the assessment of damages must be had on the dissolution of the injunction, and that this requirement entered into and formed a part of the agreement. If it, then, became a part of the contract of the parties, it must be held that their rights thereby became fixed and vested, and it was not within the power of the General Assembly to alter or change their contract. But in this case it is not a question of construction, as the bond in terms requires the assessment to be made at the time the dissolution of the injunction should be had. The General Assembly, therefore, had no power to change this express agreement of the parties, and authorize the assessment of damages at a different time. We must, therefore, hold that the amendment of the act of 1861 by that of 1874, can only apply to such bonds entered into after the latter act went into effect, and can have no operation on such bonds entered into previously.

The court, therefore, erred in overruling the demurrer to the declaration, and the judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*