## THE COUNTY OF CLINTON, for use, etc.

*v.*

## JOHN SCHUSTER.

CHANCERY JURISDICTION—*remedy at law.* If the assessor and treasurer receives fees and emoluments in excess of his compensation as fixed by the county board, and refuses or neglects to render any account thereof, a court of equity will have no jurisdiction to compel an account, there being a complete remedy at law, by action against him personally or upon his official bond, and an admission of the facts charged, by demurrer, does not change the rule.

WRIT OF ERROR to the Circuit Court of Clinton county; the Hon. AMOS WATTS, Judge, presiding.

Messrs. LIETZE, STOKER & SON, for the plaintiff in error.

Mr. G. VAN HOOREBEKE, for the defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

Defendant was elected assessor and treasurer of the county of Clinton, was duly qualified, and held the office, performing its duties, from the first Monday in December, 1871, to the same date in 1873. Shortly after he entered upon the discharge of the duties of the office, the county board, under the statute, fixed his salary at $1500 per annum.

Under the law, it is claimed, it became his duty to make semi-annual reports, under oath, of all fees and emoluments which might come to his hands as such officer, and, after deducting therefrom his salary or compensation, to pay the bal-

ance into the county treasury, and, at the expiration of his term of office, to account for the same to his successor. During the period he held the office, it is charged, he received fees and emoluments amounting in the aggregate to the sum of $15,000; that he has neglected to render any account to the county board, as was his duty; that he has failed to pay any portion of the sum so received to his successor in office, and this bill is for an account of such fees and emoluments so received from his office, and when ascertained, after deducting his annual salaries, for a decree against defendant for the balance.

Without expressing any opinion on the merits of this controversy, it is sufficient to say, complainant has a complete and adequate remedy at law, and the facts, admitting them to be true, as the demurrer does, present no grounds for the interposition of a court of equity. There can be no reason for a discovery, for whatever official acts may have been done by defendant from which he derived "fees and emoluments," are matters of record, and may be readily ascertained. Should it be made to appear defendant has received "fees and emoluments" from his office over and above the amounts allowed for annual salaries or compensation by the county board, the remedy, if any, is in an action at law, either against him personally or upon his official bond. Hence, complainant will be remitted to an action at law, to establish whatever claim it may have against defendant.

The decree will be affirmed.

*Decree affirmed.*