# CASES

### IN THE

# SUPREME COURT OF ILLINOIS.

## NORTHERN GRAND DIVISION.

### SEPTEMBER TERM, 1876.

BOARD OF SUPERVISORS OF PEORIA COUNTY

*v.*

AUSTIN H. GORDON.

1. MANDAMUS—*to compel payment of judgment.* A petition for a *mandamus* to compel a county to pay a judgment, is an action, within the meaning of the Limitation Law of 1849, requiring all actions founded upon judgments to be commenced within sixteen years.

2. STATUTE OF LIMITATIONS—*continues when it has once begun to run.* Where a Statute of Limitations begins to run, it will continue to run until it operates as a complete bar, unless there is some saving or qualification in the statute itself.

3. SAME—*appeal does not prevent running of, against judgment appealed from.* Where a judgment is rendered in the circuit court, and an appeal prayed, but the appeal is not perfected until after the adjournment of the court for the term, the Statute of Limitations begins to run from the last day of the term, and the fact that the appeal is afterwards perfected and the cause heard upon such appeal in the Supreme Court, will not stop its running, but the bar will be complete at the expiration of the time limited by the statute from the last day of the term, notwithstanding the appeal.

APPEAL from the Circuit Court of Peoria county; the Hon. JOSEPH W. COCHRAN, Judge, presiding.

Mr. D. McCULLOCH, and Mr. JOHN MUCKLE, for the appellant.

Mr. E. G. JOHNSON, for the appellee.

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the Court:

An act passed the General Assembly of this State on the 13th day of February, 1853, (Laws 1853, p. 155,) providing for the laying out and location of a State road from Peoria, in the county of Peoria, to Rock Island.

The commissioners appointed by the act, in pursuance of its provisions, located the road over the land of Austin H. Gordon, in Peoria county, and assessed his damages at the sum of $50. On appeal from the assessment to the circuit court of Peoria county, Gordon, at the May term, 1856, recovered an absolute judgment against the county of Peoria for the sum of $548, and costs, which judgment, on appeal by the county of Peoria to this court, was affirmed at the April term, 1857. *The County of Peoria* v. *Harvey et al.* 18 Ill. 364.

This was a petition for a *mandamus*, filed by Gordon against The Board of Supervisors of Peoria County, October 22, 1872, to compel the payment of said judgment.

The petitioner did not own the land at the time of filing the petition, but had sold it several years before. The road had never been opened or worked through the same. At the time of the laying out of the road, the land was partly open and partly fenced, but since that time it had all been fenced, and had remained so.

The court below awarded a peremptory writ of *mandamus*, and the defendant appealed.

Several defenses are set up. We find it necessary to consider but one, that of the Statute of Limitations. The issue in the case upon that plea, presents the simple question whether or not the recovery was had more than sixteen years before the commencement of this proceeding.

By the act of Nov. 5, 1849, the one applying to this case,

"all actions founded upon any   *   *   *   judgment shall be commenced within sixteen years after the cause of action accrued, and not thereafter."

The judgment was rendered in the circuit court May 17, 1856. The court adjourned, for the term, June 4, 1856. The petition in this case was filed October 22, 1872, more than sixteen years after the term had closed at which the judgment was rendered. Upon these facts alone, the statute presents a plain bar.

But it is insisted, that, by the taking of the appeal from that judgment to the Supreme Court, the right of action upon the judgment was thereby suspended, and that the Statute of Limitations did not commence to run until the final adjudication in the latter court.

As before stated, the circuit court adjourned on the fourth day of June, 1856. The appeal bond was not filed until June 28, 1856. That was the perfecting of the appeal. The statute gives the right of appeal only upon the condition of giving an appeal bond. The prayer for an appeal was allowed by the circuit court, upon the defendant entering into the appeal bond; and, although the circuit court gave leave to file the appeal bond in thirty days, the appeal was not effected until the giving of the appeal bond, until which time there was no stay of any proceeding whatever, but any proceeding might have been taken upon the judgment, the same as if there had been no appeal prayed or allowed.

There was, then, a period of twenty-four days between the adjournment of the court and the time of the filing of the appeal bond, during which the judgment was in full force, and no appeal pending, and during which period an action upon the judgment clearly could have been commenced. Within this time, the Statute of Limitations certainly commenced to run, and it is the general rule, that when a Statute of Limitations begins to run, it will continue to run until it operates as a complete bar, unless there is some saving or qualification in the statute itself. *The People* v. *White*, 11 Ill. 342.

Upon appeal from the circuit court to the Supreme Court,

an· appeal bond, with surety, is required and given for the payment of the judgment, in the event of its affirmance. The statute itself is silent as to what shall be the effect upon the judgment of taking the appeal or giving the appeal bond. It does not vacate the judgment. In *Curtiss* v. *Root*, 28 Ill. 367, it was held, that the appeal did not vacate or destroy the lien of the judgment appealed from, but merely suspended its execution; that the judgment was in full force all the time, as a vital judgment of the court, and not only held its lien at the term of its rendition, but would extend it over property acquired pending the appeal.

On appeal to the Supreme Court, under our laws, there is no trial *de novo*, but the appeal is in the nature of a writ of error, carrying up the case for the correction of errors which may have intervened in the progress of the suit in the court below, there being only a revision of the rulings of the lower court, as they may appear upon an inspection of the record alone.

Appellee's counsel refers to the following provision of the Practice Act: "In all cases of appeal and writs of error, the Supreme Court may give final judgment, and issue execution, or remand the cause to the circuit court, in order that an execution may be there issued, or that other proceedings may be had thereon," insisting that this makes the judgment of the appellate court the final judgment, and that if the judgment of the circuit court is affirmed, the affirmance is really the final judgment. In the ordinary practice of the court, this provision of the statute for giving final judgment is not acted upon, but, in case of affirmance, there is simply a judgment of affirmance, leaving with the lower court the execution of its judgment. Such was the case in the present instance. The judgment of the circuit court, then, remained all the while, from the time of its rendition, a judgment of that court, undiminished in its binding force, and the affirmance of it in this court was but a determination that it was a valid judgment. We do not regard the provision cited as affecting the question.

It is a judgment of the circuit court of Peoria county, rendered on the 17th day of May, 1856, which is here sought to

be enforced; and without saying how it might have been had the appeal been perfected at the time it was allowed, the Statute of Limitations unquestionably ran against the judgment during the interval of time above mentioned, between the last day of the term of the circuit court at which the judgment was rendered and the perfecting of the appeal; and we are of opinion that the appeal did not interrupt the running of the statute, and there being no saving clause in the statute to affect the case, that the general rule before mentioned applies here, that when a statute of limitations begins to run it will continue to run until it becomes a complete bar—that the period of limitation, here, had fully run before the time when this suit was commenced, and the statute forms a complete bar. Obviously, this proceeding is comprehended within the term "action," used in the statute.

The judgment is reversed.

*Judgment reversed.*

Mr. JUSTICE BREESE: I am of opinion the *mandamus* should be refused, for the reason the land was never taken for a highway, but remained the property of the petitioner, and was sold by him for its value, and the proceeds appropriated to his own use.