HOPKINS BOONE ET AL.

v.

THE PEOPLE EX REL.

1. SCHOOL LAW—FORMATION OF NEW DISTRICTS—REQUISITE NUMBER OF PETITIONERS.—The statute providing that new school districts may be formed by taking portions of one or more districts already established, contemplates that the petition therefor shall be signed by two-thirds of all the voters residing in the territory of the proposed district, without reference to the number in the portion taken from any particular district. It does not require that there shall be five families residing in each particular portion taken.

2. COSTS.—The proceeding was for a mandamus, to compel the school trustees to form a new district, and the court below awarded the writ, and entered judgment against the trustees personally for costs. *Held*, error; the judgment for costs should have been against them as trustees.

APPEAL from the Circuit Court of Mercer county; the Hon. A. A. SMITH, Judge, presiding. Opinion filed July 23, 1879.

Messrs. BASSETT & WHARTON, for appellants; as to the rule for construction of the statute, cited State v. Wright, 17 Ohio, 32; Bryant v. Goodwin, 9 Ohio St. 478; Anders v. Sprague, 19 Ohio St. 577; Cist v. The State, 21 Ohio St. 346; Gustis v.

The Inhabitants, 10 Gray, 85; Castner v. Walrod, 83 Ill. 171; Biggs v. Clapp, 74 Ill. 335; Fowler v. Perkins, 77 Ill. 271; Fertilizing Co. v. Hyde Park, 70 Ill. 634.

Mr. LOUIS D. HOLMES, for appellees; as to rule for construction, cited 1 Black. Com. 87; 1 Kent's Com. 462; Frye v. C. B. & Q. R. R. Co. 73 Ill. 399; Castner v. Walrod, 83 Ill. 171; Zarresseller v. The People, 17 Ill. 104; People v. Utica Ins. Co. 15 Johns. 358; Jackson v. Collier, 3 Cow. 89; Dresser v. Brooks, 3 Barb. 429; Beall v. Harwood, 3 Am. Dec. 535; Rawson v. Slate, 19 Cow. 299; U. S. v. Wittberger, 5 Wheat. 94; 15 Kan. 500; Pitte v. Shipley, 46 Cal. 154; Mec. Sav. Inst. v. Givens, 82 Ill. 157; Trustees v. The People, 76 Ill. 621.

LACEY, J. This was mandamus, to compel the trustees of schools, T. 14, N. R. 2, west, to create a new school district according to certain metes and bounds set out in the petition. The court below awarded a peremptory writ of mandamus, and rendered a personal judgment against appellants for costs.

The construction of the statute, Chap. 122, Sec. 33, clause 3d, is sought.

In this petition it was designed to sever territory from three school districts, and form those fragments into a new district.

It is contended by appellant that a true construction of said third clause is, that each piece taken from any one of the districts should contain five legal voters, and that it would require a petition of at least two-thirds of all the legal voters residing in each of said pieces so proposed to be detached.

On the other hand, it is claimed that the statute only requires that there should be five legal voters in the territory proposed to be formed into a new district, without reference to how many districts the territory was taken from.

The appellees made the necessary showing, if their interpretation of the meaning of the statute be correct, but did not if the construction contended for by appellants be correct.

After careful consideration, we are of the opinion that the words of the statute, "Two-thirds of all the voters in any territory containing not less than five families, etc.," mean two

thirds of all the voters residing in the territory proposed to be formed into a new district, without reference to the portion taken from any particular district, and that it does not require five families to reside in the particular territory taken from any one district; and we see no error in the ruling of the court below in that regard.    School Trustees, etc. v. People, etc. 71 Ill. 559; Trustees v. People, 76 Ill. 621.

This section of the statute has been modified by the statute of 1879, so as to make it discretionary on the part of the trustees, to form the district or not.    Of the effect of this statute on this case we express no opinion.

But for the error of the court below in rendering judgment for costs against the trustees personally instead of against them as trustees of said township, the judgment in this cause must be reversed and the cause remanded.    Com'r Highways v. People, 38 Ill. 348.

Reversed and remanded.