DANIEL T. HINDMAN, Treas., etc.

v.

THE VILLAGE OF ALEDO.

1. PRACTICE IN CHANCERY.—Objection to the jurisdiction of a court of chancery, on the ground that complainant has an adequate remedy at law, may be waived by answering the bill; but if such answer is afterwards withdrawn by leave of court, and a demurrer to the bill interposed, the case will then stand as if no answer had been filed, and the question of jurisdiction can be raised.

2. TAXES—PAYMENT TO WRONG PARTY—REMEDY AT LAW.—Where the county treasurer has received taxes, a portion of which is claimed to belong to the village authorities, which he refuses to pay over, or pays to another, there is an adequate remedy at law, upon an implied assumpsit, or by action upon his official bond, and a bill in equity will not lie therefor.

ERROR to the Circuit Court of Mercer county; the Hon. JOHN G. GLENN, Judge, presiding. Opinion filed June 17, 1880.

Hindman v. Village of Aledo.

Messrs. BASSETT & WHARTON, for plaintiffs in error; that there was a complete remedy at law, cited County of Clinton v. Schuster, 82 Ill. 137; Taylor v. Turner, 87 Ill. 296; Long v. Barker, 85 Ill. 431: Story's Eq. Pl. § 472; Palmer v. Gardiner, 77 Ill. 143; Blood v. White, 3 Cush. 416; Talbot v. Coins, 5 Met. 525; Hale v. Cashman, 6 Met. 425.

Where there is a remedy at law, chancery will not take jurisdiction: Imp. Fire Ins. Co. v. Gunning, 81 Ill. 236; Wells v. Lammey, 88 Ill. 175; The People v: Galesburg, 48 Ill. 485; Clingman v. Hopkie, 78 Ill. 152; McDaniel v., Fox, 77 Ill. 343; Thayer v. Smith, 9 Met. 469; Bay City Co. v. Van Etter, 36 Mich. 210; Cook County v. C. B. & Q. R. R. Co. 35 Ill. 460.

No equitable jurisdiction is shown by the bill: McDaniel v. Fox, 77 Ill. 343; Brush v. Carbondale, 77 Ill. 74; Clingman v. Hopkie, 78 Ill. 152; Strubher v. Belsey, 79 Ill. 307; Stewart v. Mumford, 80 Ill. 192; Arbuckle v. Ill. Mid. R. R. Co. 81 Ill. 429; Mutter v. Bennett, 8 Cush. 175.

Equity powers ought not to be enforced unless courts of law cannot afford a sufficient remedy: Victor Scale Co. v. Shurtleff, 81 Ill. 313; Hacker v. Barton, 84 Ill. 313.

Chancery will not enforce a trust where there is a complete remedy at law: Taylor v. Turner, 87 Ill. 296; Moore v. Fessenbach, 88 Ill. 422; Coe v. Turner, 5 Conn. 85; Stannard v. Whittlesey, 9 Conn. 179.

Where a statute enacted for a particular purpose prescribes a remedy, that remedy must be strictly pursued: Hughes' Case, 1 Bland. 46; McGuire v. Caruthers, 5 Humph. 414; Moore v. Fussenbach, 88 Ill. 422; Coleman v. Freeman, 3 Ga. 137.

It was error to render judgment for costs against the commissioners of highways, and order execution thereon: Com'rs of Highways v. The People, 38 Ill. 348; Rev. Stat. 1874, 1074.

The question of jurisdiction may be raised by demurrer or by raising the point in the answer, or by plea: Ryan v. Duncan, 88 Ill. 144; Taylor v. Turner, 87 Ill. 296; Mitford's Ch. Pl. 157; Delafield v. State of Illlnois, 2 Hill, 159; Fulton v. N. Y. & S. Canal Co. 4 Paige's Ch. 127; Wiswell v. Hall, 3 Paige's Ch. 313; McElwain v. Willits, 3 Paige's Ch. 505;

Hawes v. Cramer, 4 Cow. 726; Emerson v. W. U. R. R. Co. 75 Ill. 176; Brill v. Stiles, 35 Ill. 305.

Messrs. PEPPER & WILSON, for defendant in error; that a demurrer comes too late after answer filed, cited Magee v. Magee, 51 Ill. 500; Stout v. Cook 41 Ill. 447.

Equity has jurisdiction by injunction to restrain a public officer from misappropriation of public funds: Hodge v. Buffalo, 2 Denio, 110; Cornell v. Guilford, 1 Denio, 510; Hood v. Lynn, 1 Allen, 103; Gerry v. Stoneman, 1 Allen 103; Tash v. Adams, 10 Cush. 252; Claflin v. Hopkinton, 4 Gray, 502; New London v. Brainard, 22 Conn. 552; Scofield v. School Dist. 27 Conn. 499; Webster v. Harrington, 32 Conn. 131; Terrett v. Sharon, 34 Conn. 105; Roberts v. The Mayor, 5 Abb. Pr. 41; Horner v. Racine, 21 Wis. 514; Baltimore v. Gill, 31 Md. 375; Merrill v. Plainfield, 45 N. H. 126; The People v. Gilmer, 5 Gilm. 242; Belknap v. Belknap, 2 Johns. Ch. 463; Colton v. Hanchett, 13 Ill. 615; Douglass v. Placerville, 18 Cal. 643; Drake v. Phillips, 40 Ill. 388; Perry v. Kinnear, 42 Ill 160; Beauchamp v. Kankakee Co. 45 Ill. 274; Sherlock v. Village of Winetka, 59 Ill. 389; Carter v. Chicago, 57 Ill. 283; Peoria v. Johnson, 56 Ill. 45.

PLEASANTS, J.  In vacation, after the March term, 1879, the incorporated village of Aledo, located in the town of Mercer, in said county, presented its bill in equity for an injunction to restrain the county treasurer from paying over to the commissioners of highways of said town the amount of road and bridge tax for the year 1878, which was collected and being collected by him upon property lying within the corporate limits of the village.

In the same vacation an answer was filed, but on the first day of the following term withdrawn, by leave of the court, and a demurrer interposed for the purpose of questioning the jurisdiction, on the ground that there was an adequate remedy at law; which being overruled, and a decree thereupon entered making the injunction perpetual, requiring the treasurer to pay the money to the complainant, and adjudging the costs

against the defendants, with an award of execution therefor, they sued out this writ of error.

The point is here made by the defendant in error, that objection to the jurisdiction in equity on the ground stated may be effectually waived, and that the filing of an answer without raising it does so waive it that it cannot thereafter be raised in any form.

Such doubtless is the rule where the defendant takes the benefit of the answer upon the hearing. Stout v. Cook, 41 Ill. 447; Magee v. Magee, 51 Id. 500. But we think not, where it is previously withdrawn by leave for that purpose given. It must be presumed that, in allowing its withdrawal, the discretion of the court was properly exercised, and the case then stands as if it had never been filed; so that a demurrer then interposed, before default incurred for want of an answer or failure to comply with a rule to answer, ought · to have its full effect. The complainant thereby has timely notice of the objection, and full opportunity for preparation to meet it on the hearing in the first instance.

That there was a remedy at law upon the facts stated in this bill we can entertain no doubt. If the tax collected by the treasurer was due and payable to the village corporation, then upon his refusal or neglect so to pay it, he would certainly be liable upon an implied assumpsit for money had and received to its use. The County of Clinton v. Schuster, 82 Ill. 137; Ramsey v. The County of Clinton, 92 Id. 225.

So also to an action of debt or covenant upon his official bond. Baird v. The People, 83 Ill. 387, was debt on a collector's bond in a precisely similar case—to recover for the use of the city of Morrison the amount of the road and bridge tax collected upon property lying within its limits. See also Kilgour v. The People, 76 Ill. 548; The County of Clinton v. Schuster, *supra*.

And the remedy by either of these forms of action would seem to be as certain, ample and adequate—indeed, substantially the same—as that sought by this bill or granted by the decree, to-wit, the compulsory payment to the complainant of the amount due.

What is there, then, in the circumstances of the case or in the condition or relation of the parties to rescue it from the operation of the rule that where there is such a remedy at law, a court of chancery will not take jurisdiction?

The ground upon which the rightfulness of its exercise here is most distinctly claimed by counsel, is that it is for the enforcement of a trust; and many authorities are cited as in support of it.

Without attempting to review them in detail, we observe that all of them that involve the question of jurisdiction, present one or more of the peculiar features which distinguish cases of equitable cognizance—the want of an adequate remedy at law, the necessity of a multiplicity of suits to enforce it, the danger of irreparable injury, or others as well recognized. Those most nearly in point are referred to in the general observations quoted from Dillon on Corporations, § 731, and Hilliard on Injunctions, Chap. 22, § 1, in which the writ has been allowed, upon the application of tax-payers as such, to restrain officers of municipal corporations from an illegal appropriation of public funds, such as Colton v. Hanchett, 13 Ills. 615; Perry v. Kinnear, 42 Id. 160, and others from other states.

In this class of cases the jurisdiction of chancery is asserted mainly because the complainant is without adequate remedy at law. Every tax-payer is entitled to have the fund to which he so contributes applied to legitimate objects only, since his property is liable to further taxation to make up any deficiency that may be caused by their misapplication. But he has no right to the fund itself, or any part thereof. Hence he cannot sue the officer for its misapplication, as upon an *indebitatus*. Nor would an action in the name of the People upon his official bond for a breach of its condition, or upon the case for a violation of duty prescribed by law suffice, because it would be impracticable to measure the particular damage resulting to each or either of them; and besides, since the injury would be several, a complete remedy would require as many such suits as there were tax-payers injuriously affected. Colton v. Hanchett, *supra*. Injunction alone, then, in behalf of all parties so concerned, would be adequate, and

therefore appropriate, although no question of fraud, insolvency or trust were involved. And the same rule for the same reasons would apply in the case of stockholders in a private corporation.

But the village of Aledo is not averred and will not be presumed to be a tax-payer. Such property as it would be likely to own is expressly exempted by the revenue act. In its corporate capacity it represents in general those who are not tax-payers as well as those who are, but it did not file this bill as the representative or in behalf of either class, or of any other party. When the fund it seeks shall be received, the village corporation is charged by law with the trust of its application, and for any threatened diversion of it from legitimate objects its officers, upon the principle above stated, would be liable to an injunction at the suit of its constituent tax-payers. It therefore asserted its own right to the money, which came lawfully into the treasurer's hands but with no other duty respecting it than to pay it over, and which he nevertheless refused to pay. This shows his relation and liability to it to be that of a simple debtor—as the holder of a valid juror's certificate of service or county order—and inasmuch as neither fraud nor insolvency is charged, the remedies by action at law are ample. It is not perceived how the fact that he is an officer of the county, and is a resident, can change this relation or affect the liability growing out of it, except that the former furnishes additional legal remedies upon his bond. They would be the same to the county itself, as to moneys in his hands due to it. The County of Clinton v. Schuster, and Ramsay v. The County of Clinton, *supra*. He is no more a trustee than is every one who holds money of right belonging to another, with no other duty in respect to it than to pay it over to him for whose use he received it; and that is not such a trust as is within the peculiar province of a court of chancery to enforce. Taylor v. Turner, 87 Ill. 296. Where the law affords a sufficient remedy, chancery ought not to interfere, even though it might. The Victor Scale Co. v. Shurtleff, 81 Ill. 314.

It is suggested that the jurisdiction was sustained by the Appellate Court of the First District in a like case (The City of

Galena v. the Commissioner of Highways, 2 Bradwell 255); but that was evidently an amicable bill, in the nature of an interpleader, to obtain a construction of the statute and protect the collector, of whom both the city and the commissioners were claiming the money. The objection that there was an adequate remedy at law was not made; and we are advised of no case in which the question here presented was considered and decided that is in conflict with the views above expressed.

The circuit court adjudged costs and awarded execution therefor against the commissioners, as to whom no other relief was asked or granted, which of itself was error. Commissioners of Highways v. the People, 38 Ill. 347.

For the reasons above given the decree is reversed and the bill dismissed.

Reversed.