# THE TOWN OF ORAN, ETC.,

## v.

# THE PEOPLE EX REL. ETC.

1. STATUTE OF LIMITATIONS—MUNICIPAL CORPORATION.—The sovereign is not within the Statute of Limitations, and this exemption has been held to include public rights of, and property held in trust for public use by municipal corporations, but it does not include contracts or mere private rights, and as to these latter, the statute may be interposed against municipal corporations as well as against private persons.

2. SAME—TRANSFER OF PROPERTY BY TOWN—APPORTIONMENT OF INDEBTEDNESS.—A town, A, became indebted on a railroad subscription, and issued its bonds therefor. After this liability had been incurred, but before

all the bonds were issued, a portion of the territory of the town was transferred to an adjacent town, B, pursuant to the statute. But the supervisors and assessors of the respective towns did not meet and apportion the indebtedness as provided by the statute. More than ten years after the issuance of the last of said bonds, the supervisor of the town of A served notice upon the supervisor and assessor of the town of B for a meeting to apportion the indebtedness, to which no attention was paid by the officials of B. The officials of A bring mandamus to compel the holding of such meeting. The defense of the Statute of Limitations of five years is made. *Held*, that the present controversy affects, not a public right, nor property held for a public use upon a trust, but a mere private right; and it was therefore error to overrule the defense of the Statute of Limitations; that the cause of action accrued before the bonds became due.

APPEAL from the Circuit Court of Logan county; the Hon. G. W. HERDMAN, Judge, presiding. Opinion filed January 6, 1886.

Mr. OSCAR ALLEN, for appellants; as to pleading Statute of Limitations against municipal corporations, cited County of Pratt v. Goodell, 97 Ill. 84; City of Alton v. Ill. Trans. Co., 12 Ill. 38.

Messrs. BLINN & HOBLIT, for appellee; that the Statute of Limitations can not be pleaded to defeat a trust fund or where it is in the nature of a trust, or to any public right of a municipal corporation, cited R. S. Ch., 139, §§ 32, 33, 35 ; 2 Dillon on Municipal Corporations, §§ 668, 673 ; Logan Co. v. City of Lincoln, 81 Ill. 157.

WALL, P. J. The town of Atlanta became indebted on a railroad subscription in the sum of fifty thousand dollars and issued its bonds therefor.

After this liability had been incurred, but before all the bonds were issued, a portion of the territory of the town was, by an order of the board of supervisors, pursuant to the statute in such case provided, transferred to the town of Oran. When such a transfer occurs it is the duty of the supervisors and assessors of the respective towns to meet and adjust the affairs of the towns by dividing the assets and apportioning the debts of the town so subdivided, according to the amount of

taxable property therein as shown by the last assessment, and thereafter each town is to be charged ·with its share of such debts fixed by such apportionment.   The law directs this meeting to be held as soon as may be after the first town meeting subsequent to the transfer, and it may be called by either supervisor· upon ten days notice.

When the town officers are unable to agree in relation to such division or apportionment the dispute is to be submitted to the county board, whose decision is conclusive.   R. S., Ch. 139, §§ 30 to 36.

More than ten years after the issuance of the last of said bonds the supervisor of Atlanta served notice upon the supervisor and assessor of Oran for such a meeting, to apportion said indebtedness, to which no attention was paid by the Oran officials, and thereupon the town of Atlanta instituted proceedings by mandamus in the circuit court to compel the holding of such meeting and the making of such apportionment.   These proceedings resulted in a final order according to the prayer of the petition, from which an appeal was granted to this court.   Various errors are assigned upon the record, but, in the view we have taken, only one need be considered, and that relates to the defense of the Statute of Limitations, five years, which was interposed by plea in the usual form.·

To this plea a demurrer was sustained, and it becomes necessary to determine the point thus presented.   It is not disputed that mandamus is a civil action within the meaning of' the Statute of Limitations (Peoria County v. Gordon, 82 Ill. 435); nor can there be any serious question that more than five years had elapsed from the time the cause of action arose before the petition was filed.   It is suggested by counsel that the cause of action did not accrue until the bonds were due. The point is settled otherwise.   Hensley Township v. The People, etc., 84 Ill. 544.   It is forcibly urged, however, that the matter here involved is in the nature of a trust, and is therefore not to be affected by this defense.   To exempt a trust from the bar of the statute it must be, first, a direct trust; second, it must be of the kind belonging exclusively to

a court of equity ; and third, the question must arise between trustee and *cestui que trust.* Angell on Limitations, Sec. 166; Hayward v. Gunn, 82 Ill. 385; School Directors v. School Directors, 16 Bradwell, 651.

We do not see how this can be termed a trust. It is rather a duty or liability imposed by statute. If a trust, it is not what is known as a direct or express trust, but is implied merely and arises by operation of law; nor can it be classed with those trusts which belong exclusively to a court of equity. A court of law will grant all needed relief, and it is in a court of law that the present case is pending.

It is clear, therefore, the bar of the statute can not be avoided on this ground. Another and more plausible reason assigned is that the statute can not be pleaded to defeat a public right of a municipal corporation.

The sovereign is not within the statute and this exemption has been held to include public rights of and property held in trust for public use by municipal corporations. The City of Alton v. Ill. T. Co., 12 Ill. 38; Logan County v. The City of Lincoln, 81 Ill. 157; but it does not include contracts or mere private rights : Ramsay v. Clinton Co., 92 Ill. 225 ; Piatt Co. v. Goodell,.97 Ill. 84; and as to these latter the statute may be interposed against municipal corporations as well as against private persons. The whole subject has been so fully discussed by the Supreme Court that it is only necessary to refer to the cases cited above, and no effort will be made to res'ate or repeat the reasons and considerations involved.

In our judgment the present controversy affects not a public right nor property held for a public use upon a trust, but manifestly and clearly a mere private right.

Whether the whole of this debt shall be borne by Atlanta or whether Oran shall bear a part of it by reason of having acquired a part of Atlanta's territory, is a question in which the public have no interest. No public right will suffer in any event. Private interests only are at stake. We are therefore of opinion it was error to overrule the defense of the Statute of Limitations. The judgment will be reversed and the cause remanded.

Reversed and remanded.