# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

SECOND DISTRICT—MAY TERM, 1895.

## M. R. Meents, Daniel Monroe and John Fitzgerald, Commissioners, etc., v. Hubert Reynolds.

1. LIMITATIONS—*Proceedings by Mandamus.*—Section 15 of chapter 83, R. S., entitled "Limitations," providing that all civil actions not otherwise provided for shall be commenced within five years, applies to proceedings by mandamus to compel drainage commissioners to build a bridge under section 74 of the Farm Drainage Act.

2. SAME—*When the Statute Begins to Run.*—As against the drainage commissioners, the statute begins to run from the time when the building of the bridge is demanded, which demand must be made within a reasonable time after the completion of the ditch.

3. COSTS—*Judgment for, Not to be Rendered Against Drainage Commissioners Personally.*—Where the drainage commissioners are defendants in their official capacity, it is error to render a personal judgment against them in their individual capacity for costs; it should be against the corporation.

Mandamus, to compel drainage commissioners to build a bridge. Appeal from the Circuit Court of Iroquois County; the Hon. CHARLES R. STARR, Judge, presiding. Heard in this court at the May term, 1895. Reversed and remanded. Opinion filed December 10, 1895.

KAY & KAY, attorneys for appellants, contended that granting the writ of mandamus, under many circumstances where it might be a proper remedy, is yet within the sound discretion of the court. The People v. Curyea, 16 Ill. 547.

The court may exercise some discretion according to the circumstances. The People v. Brewster, 15 Ill. 502.

The party applying for the writ should show a clear legal right to have the thing done. Courts will grant it only in extraordinary cases, and when otherwise there would be a failure of justice. Commissioners of Highways v. People, 66 Ill. 339.

The writ will only be issued in a clear case and in the discretion of the court. Brokaw v. Coms. of Highways, 130 Ill. 482; Dement v. Rokker, 126 Ill. 174; The People v. Coms. of Highways, 118 Ill. 239.

A writ is not awarded when the right to be enforced is a mere abstract right, the enforcement of which can have no substantial or particular benefit to the petitioner. Gormley v. Day, 114 Ill. 185; School Trustees v. People, 20 Ill. 525.

The writ will not issue to compel a person to do an act where the right to do it is doubtful. People v. Forquer, Breese 104; People v. Klokke, 92 Ill. 134; People v. Crotty, 93 Ill. 180; Johnson v. People, 8 Ill. App. 395.

The writ is not a writ of right but is awarded only in the discretion of the court. People v. Curyea, 16 Ill. 547; People v. Hatch, 33 Ill. 9; People v. I. C. R. Co., 62 Ill. 510; People v. Ketchum, 72 Ill. 212; Commissioners v. People, 4 Ill. App. 391; Commissioners v. People, 99 Ill. 587; People v. Glann, 70 Ill. 232; People v. Forquer, Breese 104; People v. Chicago, 55 Ill. 424.

Since the revision of 1874 it is available only in a clear case and at the discretion of the court. Brokaw v. Bloomington H. W. Commissioners, 130 Ill. 482.

The writ will not issue unless there is a clear, legal right to have that done the doing of which the writ is to command. People v. Hatch, 33 Ill. 9; People v. Mayor, 51 Ill. 17; People v. Chicago, etc., 55 Ill. 95; York Town Commissioners v. People, 66 Ill. 339; People v. Glann, 70 Ill. 232; Springfield v. Wayne Co. Clerk, 74 Ill. 27; People v. Oldtown, 88 Ill. 202; People v. Davis, 93 Ill. 133; People v. Crotty, 93 Ill. 180; Lavalle v. Soucy, 96 Ill. 467; People v. Masonic B. A., 98 Ill. 635; People v. Johnson, 100 Ill. 537;

Stark Co. Supervisors v. People, 110 Ill. 577; People v. Madison Co. Supervisors, 125 Ill. 334; Chicago & Alton R. R. Co. v. Suffern, 129 Ill. 274; Swigert v. Hamilton, 130 Ill. 538; Supervisors v. People, 2 Ill. App. 24; Allen v. Conlon, 2 Ill. App. 166; Supervisors v. People, 16 Ill. App. 305.

The writ will not issue where it is apparent that it would be useless or that it would have no beneficial effect. People v. Hatch, 33 Ill. 140; People v. Lieb, 85 Ill. 484; Christman v. Peck, 90 Ill. 150; Swigert v. Hamilton, 130 Ill. 538.

A writ may be refused where the value of the thing in demand is insignificant and no substantial interest is involved. People v. Dubois, 33 Ill. 9, per Walker, judge.

Where, by reason of a complication of extraneous circumstances not specifically provided for by the statute, a well-founded doubt arises, either as to the right of the applicant or the duty of the officer, mandamus is not the proper remedy. The right in such cases being doubtful, the claimant must resort to some other appropriate remedy to determine it. People v. Johnson, 100 Ill. 537, p. 543.

The court will refuse the writ when it is manifest it will be barren and fruitless, or useless, or can not have a beneficial effect. Christman v. Peck, 90 Ill. 150.

A private individual must clearly show that he has been injured in his personal interest by the refusal of the defendants to do a duty imposed upon them by law. North v. Trustees of University of Ill., 137 Ill. 296.

A peremptory mandamus will never issue in favor of a private party unless it shall be made to affirmatively appear that he will otherwise be deprived of something of substantial value to him. It will never be granted, however clear may be the abstract right, to settle a question to merely gratify vanity or curiosity. North v. Trustees, 137 Ill. 296; People v. Masonic B. & A., 98 Ill. 635; People v. Curyea, 16 Ill. 547.

A proceeding by mandamus is a civil action at law. There is no provision of the statute, specifically and by name, providing a limitation for this action, and the nature of the thing required to be done is such that there is no ex-

press provision of the statute governing this case. If the object sought by this writ were to enforce the collection of a judgment, then the limitation applying to judgments would be the rule. This particular case must be governed by Sec. 15 of Ch. 83 of the Statute of Limitations: "All civil actions, not otherwise provided for, shall be commenced within five years next after the cause of action accrued." The writ is subject to the bar of the statute of limitations of five years. Peoria Co. v. Gordon, 82 Ill. 435; People v. Town of Oran, 121 Ill. 650; The Town of Oran v. The People, 19 Ill. App. 174.

It was erroneous to render judgment for costs against the commissioners personally. Com'rs v. People, 38 Ill. 347; Boon v. People, 4 Ill. App. 231; Hindman v. Village of Aledo, 6 App. 436.

The same authorities support the objection that the judgment should have been against the drainage district, and not against the commissioners personally. Town of Rutland v. Town of Dayton, 60 Ill. 58.

C. H. PAYSON, attorney for appellee.

A writ of mandamus will be granted whenever public officers refuse or unreasonably neglect to perform any duty clearly enjoined upon them by law, or when there is no specific legal remedy adequate to enforce the right of the public or the specific right of the relator. Dillon on Municipal Corporations, Sec. 665; People v. Chicago, 26 Ill. App. 217.

MR. JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

Appellee, Hubert Reynolds, filed his petition for a mandamus October 3, 1893. On the hearing of the cause a writ of mandamus was awarded to the petitioner requiring the appellants to construct and maintain at least one bridge or proper passage way over the main ditch of the Milk's Grove Special Drainage District, where the same crosses the northeast quarter of the southwest quarter of section 6, town 28, range 14 west, in Iroquois county, west of the 2d P. M. The

drainage commissioners filed their answer November 16, 1893. From the pleadings and the proof it appears that on the 21st day of August, 1885, appellants approved a survey and location of the main ditch in the said district, passing from the southwest to the northeast of the southwest quarter, and the northeast quarter of the northwest quarter of section 6, land owned by appellee. That a public highway extended from the east to the west across said section along the middle line thereof; that the appellee owned the two forty acre tracts of land lying next east of the said northeast quarter of the southwest quarter, and did then and have ever since resided on the east half of the north half of the southeast quarter of the said section, all three tracts joining on the south side of the said section. The main drain was constructed during the summer of 1886, over the northeast quarter of the southwest quarter, and thence across the southeast quarter of the northwest quarter, both then owned by appellee. The testimony shows that the district ditch cuts off about four and twenty-four one-hundredth acres from the northwest corner of the northeast quarter of the southwest quarter, and one and fifty-eight one-hundredth acres off the southeast corner of the southeast quarter of the northwest quarter. It further appears from the testimony that the main drain was constructed during the summer of 1886, over the above described lands as laid out. That the commissioners of highways were immediately notified that a bridge across the highway was needed, and immediately in 1886 they constructed a good and substantial bridge across the ditch on the said highway, on the line between the northeast quarter of the southwest quarter and the southeast quarter of the northwest quarter of said section, and ever since have maintained good and substantial bridges at that place. Appellee contends that under the Farm Drainage Act a right accrued to him to have a bridge other than the one constructed at the highway, constructed across the ditch south of the highway, where the ditch cuts the northwest corner off of the northeast quarter of the southwest quarter. Section 74 of the Farm Drainage Act provides: "That

there shall be constructed and maintained by the commissioners, at least one bridge or proper passage way over each open drain where the same crosses any inclosed field or parcel of land." · It is insisted on the part of the appellants that a bridge at the point claimed by the appellee is in no wise necessary to the convenient use of the petitioner's land for farming purposes, and would be a useless expense and a misappropriation of the money belonging to the district, and the commissioners have complied with the statute by causing the bridge to be built at the highway.

We are inclined to think even if the appellee had a technical right to demand a bridge at the point he insists on, that it would be of no great advantage to his property. The testimony also shows that he was not very anxious to have a bridge at that place, but was attempting to extort money from the commissioners on a compromise, to waive his right to have the bridge built in consideration of $150, which he demanded of the commissioners, for putting up a temporary structure which he called a bridge, across the ditch, which was nothing but some wooden horses set up and some boards laid across. The appellants set up and insist upon the statute of limitations, in answer to the petition for a mandamus. We are inclined to think that this point is well taken. The statute of limitations, chapter 83, section 15, provides that " All civil actions not otherwise provided for shall be commenced within five years next after the cause of action accrued."

We think the case comes within this rule. It is true that the statute does not require the commissioners to build a bridge within any fixed time, but as it requires the expense of it to be charged as a part of the construction of the drain, the means to build would be supplied from that fund, and the bridges should be built as fast as the drain is completed through those lands requiring bridges, according to the provisions of the statute, or within a reasonable time after the ditch is completed through such tracts. The necessity of the bridge would arise immediately upon the excavation of the drain, and the bridge should be immediately supplied.

We do not hold that the district would be in default until demand were made by the land owner, but the demand must be made within a reasonable time after the ditch is finished through the land, and within five years after the lapse of such time, and action must be commenced within the limits of the statutes or the right will be barred. The owner of the land may never desire a bridge, and it would be useless for the drainage commissioners to spend money for a work not wanted.

In this case we are disposed to hold that on account of the negotiations between the drainage commissioners and the appellee for the latter to build the bridge, and receive pay therefor, that until such negotiations failed, the statute would not begin to run, and perhaps not for a reasonable time thereafter, and after demand by appellee of the drainage commissioners to build the bridge, giving them reasonable time to build it.

About January 1, 1887, negotiations ended and appellants refused to accept appellee's bridge or to pay him $150 for it. He then said he would sue, and they replied that they would have the matter tested. The appellants' record of January 8, 1887, shows as follows: "The proposition to pay appellee $150, and not to build a bridge, was declined, and thereupon he demanded a bridge forthwith." Since that date nothing else was done or attempted until the commencement of this suit, October 3, 1893. Six years, eight months and twenty-five days elapsed between the entry of the order and the commencement of the suit.

If we allow a large latitude for a reasonable time to build a bridge after a demand, it would seem that much more than five years had elapsed since the expiration of such time and the commencement of this suit. There is as much need for the application of the statute of repose in this class of cases as in others. Peoria Co. v. Gordon, 82 Ill. 435; People v. Town of Oran, 121 Ill. 650; 19 Ill. App. 174, same case.

The court erred in rendering personal judgment against the appellants, commissioners, for costs; it should have been

against the corporation. Commissioners v. The People, 28 Ill. 347; Boon v. People, 4 Ill. App. 231; Hineman v. The Village of Aledo, 6 Ill. App. 436. For the errors above noted the judgment of the Circuit Court is reversed and the cause remanded.