Mammoser et al. v. City of Chicago et al., 173 Ill. App. 63.

---

**Frank L. Mammoser, Herman J. Trumbull and Albert H. Burr, Plaintiffs in Error, v. City of Chicago, John J. Hanberg, Commissioner of Public Works, Chicago Reduction Works, O. M. Bake, Walker P. Hall and J. F. Christian, Defendants in Error.**

### Gen. No. 16,859.

1. APPEALS AND ERRORS—*moot question.* On a tax-payer's bill praying that a contract between a city and a reduction company be declared void and surrendered and cancelled, and that the company be required to pay over all the moneys, that have been paid to them, where it appears that by mutual consent, the contract was surrendered and cancelled and another contract was entered into, the question before the court is a moot question, in so far as it involves the prayer of the bill, asking that the contract be surrendered and cancelled.

2. CITIES AND VILLAGES—*when taxpayer has complete remedy at law.* Where a taxpayer files a bill to declare void a contract between a city and a reduction company and to require the company to pay over all moneys that have been paid to them, if the decreeing of a money judgment is the only question before the court, R. S. Ch. 24, Sec. 172, provides a complete remedy at law which is exclusive and excludes the jurisdiction of a court of equity.

Error to the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed October 3, 1912.

FRANK P. LEFFINGWELL, for plaintiffs in error.

HORTON, WICKETT, MILLER & MEIER, EDWARD J. BRUNDAGE and WILLIAM D. BARGE, for defendants in error.

MR. JUSTICE McSURELY delivered the opinion of the court.

The complainant, Frank L. Mammoser, filed his bill, afterwards amended, attacking the legality of a certain contract entered into August 30, 1906, between the defendants, the City of Chicago and the Chicago Reduction Works. The prayer of the bill was that the city be perpetually enjoined from entering into said contract, and that such contract, if made, be declared void and surrendered and canceled. By amendment the names of Albert H. Burr and Herman J. Trumbull were added as complainants, and it was also prayed "that the said defendant, the Chicago Reduction Company, be required to pay over to the City of Chicago all moneys which have heretofore been paid by said City of Chicago to the said defendant, the Chicago Reduction Company."

Upon hearing, the chancellor found that "the said complainants are not prosecuting their said suit in good faith," and ordered the bill dismissed. Complainants bring the cause to this court seeking a reversal of this order.

The contract referred to by its terms began on November 1, 1906, and ran for a period of five years from that date. It appears from the record herein that by mutual consent of the parties thereto, said contract was surrendered and cancelled and another contract entered into, beginning September 1, 1908.

This new contract is not before us.   The question before this court, therefore, is a moot question in so far as it involves the prayer of the bill, asking that said contract be surrendered and canceled. Defendants have by their own act effected thus far the relief sought by complainants.

It appears that under the first contract the Chicago Reduction Company has been paid by the city down to September 1, 1908, and the only question which might occupy the attention of this court is the prayer of the complainants in the amended bill, asking that such moneys be returned by the Chicago Reduction Company to the city.  The decreeing of a money judgment being the only matter remaining to be passed upon in this chancery proceeding, complainants will be required to seek their remedy at law.

Section 172, Chapter 24, of Hurd's Revised Statutes is as follows:

"A suit may be brought by any taxpayer, in the name and for the benefit of the city or village, against any person or corporation, to recover any money or property belonging to the city or village, or for any money which may be paid, expended, or released without authority of law: *provided,* that such taxpayer shall file a bond for all costs in case the city or village be cast in the suit, and judgment shall be rendered accordingly."

Under this statute a complete remedy at law is provided, which complainants may seek if they so desire. Such remedy is exclusive and excludes the jurisdiction in this case of a court of equity.   Perkins v. Reservoir Pk. Fish and Boat Club, 130 Ill. App. 128.  The wisdom of requiring complainants herein to seek their remedy at law, where a bond for costs must be filed, is emphasized by their testimony upon the hearing before the chancellor, where they disclaimed any intention of being responsible for any costs or expenses of the litigation.

We express no opinion upon the finding of the

chancellor, or upon the order entered by him based upon that finding, but for the reasons indicated the judgment will be affirmed.

*Affirmed.*