The County of Cook

v.

George R. Davis.

*Filed at Ottawa October 31, 1892.*

1. CHANCERY—*jurisdiction—complete remedy at law.* If a county treasurer, at the end of his term, fails to pay over to the county all fees and emoluments, including interest on public moneys loaned by him, in excess of his salary, the remedy, if he is liable at all, is ample and complete in an action on his bond. If he has received funds not within the contract obligation of his bond, for which he is alone liable to the county, an action at law against him will afford complete relief, and a bill in equity seeking to enforce such a purely legal demand will be bad on demurrer, for want of jurisdiction.

2. On bill to enforce a purely legal demand, unless some special and substantial ground of equitable jurisdiction be alleged, and, if necessary, be proved, such as that a lien exists for a money demand which can not be adequately enforced at law, or that discovery is necessary to a recovery, or other like equitable considerations affecting the adequacy of the remedy at law, courts of equity will decline to interfere.

3. Where a court of law is competent to afford an adequate and ample remedy, courts of equity will remit the parties to the courts of law, where the right to trial by jury is secured to them.

4. In actions cognizable at law, the mere fact that an accounting is necessary, even when there are cross-accounts, is insufficient to give a court of equity jurisdiction, the general rule being that a proper case is presented when the remedies at law are insufficient.

5. It is well settled that if a court of equity acquires jurisdiction on any equitable ground, it will retain the cause and afford complete relief, although it may become necessary to enforce purely legal rights. But if the allegations of a bill creating equitable cognizance are not sustained, the jurisdiction will fail.

6. SAME—*discovery giving jurisdiction.* In bills for account, when a discovery in aid of the complainant's case is material to a correct accounting, the jurisdiction of a court of equity may be invoked. But in such case, as the equity jurisdiction depends upon the discovery sought, the bill must be so framed as to require it.

7. In bills for discovery in aid of suits at law, it may not be necessary to allege that the facts sought to be discovered are incapable of proof in any other way, as it seems that such bills may be sustained for the discovery of evidence cumulative in its character. But such is not

| | |
|---|---|
| 143 | 151 |
| 66a | 614 |
| 143 | 151 |
| 84a | 298 |
| 143 | 151 |
| 184 | 513 |
| 143 | 151 |
| 96a | [3]450 |
| 97a | [1]467 |
| 143 | 151 |
| 99a | [5]449 |
| f99a | [5]450 |
| 143 | 151 |
| 100a | [1]289 |
| 100a | [3]299 |
| 100a | [1]303 |
| 143 | 151 |
| 106a | [3]360 |
| 108a | [3]393 |
| 109a | [3]282 |
| 143 | 151 |
| 208 | [5]632 |
| 143 | 151 |
| 113a | [3]102 |
| 143 | 151 |
| 115a | [5]486 |

the rule on bills framed for discovery and relief, and which seek to withdraw from the jurisdiction of courts of law, matters of purely legal cognizance, by reason of the arbitrary rules of law pertaining to the production of evidence.

8.   In such cases the bill must show the discovery to be indispensable to the attainment of justice.   It must, by apt words, show that the facts sought to be discovered are material to sustain the complainant's cause of action, and that such facts are incapable of proof in a court of law, and can only be established by discovery from the defendant. Without these allegations the plaintiff can not avail himself of the doctrine, and obtain relief as a consequence of such discovery.   The jurisdictional facts must be alleged and proved.

APPEAL from the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

Mr. FRANCIS M. WALKER, and Mr. EDWARD J. JUDD, for the appellant:

Section 9, article 10, of the constitution of 1870, provides: "The clerks of all the courts of record, the treasurer, sheriff, coroner and recorder of deeds of Cook county, shall receive as their only compensation for their services, salaries to be fixed by law, which shall in no case be as much as the lawful compensation of a judge of the circuit court of said county, and shall be paid, respectively, only out of the fees of the office actually collected.   All fees, perquisites and emoluments (above the amount of said salaries) shall be paid into the county treasury."

Compensation received by a public officer from a bank for the deposit with it of the public moneys is a "perquisite and emolument" of office.   *Hughes* v. *People*, 82 Ill. 78.

A bill in chancery will lie for an accounting, where a discovery is wanted in aid of the account.   Story's Eq. Jur. secs. 458, 459, 462a.

The complainant being a body politic, whose officials are constantly changing, it is especially entitled to the relief of a discovery.

Mr. SIDNEY SMITH, and Mr. A. M. PENCE, for the appellee :

The remedy at law being complete and ample, a court of equity is without jurisdiction. *Buzzard* v. *Houston,* 119 U. S. 347 ; *Russell* v. *Clark,* 7 Cranch, 69 ; *Gore* v. *Kramer,* 117 Ill. 176.

Equity jurisdiction can not be sustained on the ground of discovery. Pomeroy's Eq. Jur. secs. 226, 230 ; Story's Eq. Jur. sec. 74 ; *Miller* v. *Scammon,* 52 N. H. 609 ; *Riopello* v. *Doellner,* 26 Mich. 102.

Nor upon the ground of an accounting. Pomeroy's Eq. Jur. sec. 1421.

Nor can the doctrine of equity jurisdiction over trusts be invoked. Perry on Trusts, sec. 1 ; *Taylor* v. *Turner,* 87 Ill. 296 ; *Douglass* v. *Martin,* 103 id. 25 ; *Bridge Co.* v. *Van Etta,* 36 Mich. 210.

Mr. JUSTICE SHOPE delivered the opinion of the Court :

This was a bill in chancery by the county of Cook, against George R. Davis, late treasurer of that county, to enforce a claim purely legal in its character.   The bill alleges his election and entry upon the duties of said office, and that as such treasurer he duly accounted for and paid out all moneys coming to his hands officially, and turned over to his successor in office all books, vouchers and papers, etc., pertaining to his office.   It is then alleged that while treasurer of the county he received divers large sums of money, the amount of which is unknown, for interest upon or as compensation for the loan or deposit of the public revenues of the county with divers banks, bankers and other persons, whose names are unknown, which sums of money he is liable by law to account for and pay over to the county.   The prayer is, that Davis be required to account for and pay over to the county all such sum and sums of money as it may appear that he has so received ; and by an amendment, that he discover and set forth the names

of all with whom he deposited the public money, and who paid him interest or compensation for holding the same.

By section 9 of article 10 of the constitution of the State, the treasurer of Cook county is to receive as compensation for his services a salary to be fixed by law, to be paid only out of fees actually collected by him. It is then provided that "all fees, perquisites and emoluments (above the amount of such salary) shall be paid into the county treasury." It is insisted that the moneys received, as alleged, by the treasurer, for interest upon or compensation for the use of the public funds, being in excess of his salary, were "perquisites" and "emoluments" of his office, within the meaning of the constitutional provision, and must be paid into the treasury of the county as other funds coming to his hands as treasurer. The circuit court sustained a demurrer to the bill, which it was required to do upon the ground of want of jurisdiction to determine the cause, if upon no other. If the demurrer was properly sustained for that reason, the question of the defendant's liability for the money received by him, if any, for the use of the public funds of the county, is not before us on this record.

It must be apparent, and, as we understand counsel, it is practically conceded, that the recovery here sought is of a purely legal demand, for which, if appellee is liable at all, the recovery could be had in an appropriate action at law. If the money alleged to have been received and not accounted for came to his hands as treasurer, and is by law secured to be paid by his official bond, suit at law could be maintained thereon. If he received funds not within the contract obligation of his bond, but which he is nevertheless bound by law to pay over to the county, an action at law affords ample remedy for enforcing the personal liability of appellee therefor, which is all that is sought by this bill. Where a court of law is competent to afford an adequate and ample remedy, courts of equity will remit the parties to the courts of law, where the right of trial by jury is secured to them. In such cases either

party has a right to demand that the matter of the defendant's liability be submitted to a jury according to the course of the common law, and unless some special and substantial ground of equity jurisdiction be alleged, and, if necessary, proved, such as that a lien exists for the money demand which can not be adequately enforced at law, or that discovery is necessary to a recovery by complainant, or other like equitable considerations affecting the adequacy of the remedy at law, courts of equity will decline to interfere. These principles are familiar to every lawyer, and have frequently received approval in this court. *Taylor* v. *Turner,* 87 Ill. 296; *Victor Scale Co.* v. *Shurtleff,* 81 id. 313; *Gore* v. *Kramer,* 117 id. 176; *Buzzard* v. *Houston,* 119 U. S. 347; *Russell* v. *Clark,* 7 Cranch, 69.

In actions cognizable at law the mere fact that an accounting is necessary, even when there are cross-accounts, is insufficient to give a court of equity jurisdiction, (*Hadley* v. *Morrison,* 39 Ill. 392,) "the general rule being that a proper case is presented when the remedies at law are inadequate." Pomeroy's Eq. 177, 178, 1420, 1421; Story's Eq. Jur. 458, 459.

It is insisted, however, that the bill in this case may be sustained upon the ground that a discovery in aid of the complainant's case is material to a recovery. A sufficient answer is, that no discovery is sought or asked by the bill. It is not framed with a view to requiring the defendant to disclose any fact or facts, nor is any discovery prayed. It is undoubtedly the rule that in bills for account, where a discovery in aid of the complainant's case is material to a correct accounting, the jurisdiction of a court of equity may be invoked. (Story's Eq. Jur. 459.) But as the equity jurisdiction depends upon the discovery sought, the bill must be so framed as to require it. It is well settled that if the court of equity acquires jurisdiction on any equitable ground it will retain the cause and afford complete relief, although it becomes necessary to enforce purely legal rights. (Pomeroy Eq. 229, 230; Story's Eq. Jur. 74; *City of Peoria* v. *Johnston,* 56 Ill. 45; *Rawson* v. *Fox,* 65

id. 200; *Pool* v. *Docker*, 92 id. 509.) If, however, the allegations of the bill creating equitable cognizance are not sustained, the jurisdiction will fail. *Supra*, and *Daniel* v. *Green*, 42 Ill. 471; *Green* v. *Spring*, 43 id. 280.

In bills for discovery in aid of suits at law it may not be necessary to allege that the facts sought to be discovered are incapable of proof in any other way, for it seems that such bills may be sustained for the discovery of evidence cumulative in its character. (Story's Eq. Pl. sec. 324.) But such is not the rule in bills framed for discovery and relief, and which seek to withdraw from the jurisdiction of courts of law matters of purely legal cognizance, upon the ground that by reason of the arbitrary rules of law pertaining to the production of evidence a discovery in equity is necessary. In such cases the bill must show the discovery to be indispensable to the attainment of justice. By apt allegations the bill must show that the facts sought to be discovered are material to sustain complainant's cause of action, and that such facts are incapable of proof in a court of law, and can only be established by discovery from the defendant. (Pomeroy's Eq. Jur. 229, 230; Story Eq. Pl. 324; *Continental Life Ins. Co.* v. *Webb*, 54 Ala. 688.) "Without these allegations," says Mr. Pomeroy, "the plaintiff can not avail himself of the doctrine, and obtain relief as a consequence of the discovery," "nor," continues the author, "are these a mere empty form — a mere fiction of pleading. They may be controverted, must be supported by proof, and if disproved, the whole foundation for equitable interference would fail." Pomeroy's Eq. 229.

The inadequacy of the remedy at law, arising from the inability of those courts to compel or permit the production and introduction of the evidence sought to be discovered, forms the sole ground upon which the equitable jurisdiction rests. It is familiar that jurisdictional facts must be alleged and proved. Here the bill is not filed in aid of a suit at law pending or proposed. The prayer is not for discovery of any

fact or facts, other than that he discover the names of witnesses by whom facts might be proved, but is alone for relief, and the bill is wholly wanting in allegation of fact necessary to give the court jurisdiction upon the ground of discovery.

The decree of the circuit court dismissing the bill will be affirmed.

*Decree affirmed.*