The People *ex rel.* J. S. McCullough, Auditor,

*v.*

Samuel B. Raymond, County Treasurer.

*Opinion filed December 20, 1900.*

1. Public officers—*county treasurer must pay over inheritance tax promptly.* A county treasurer has no interest in money collected under the Inheritance Tax law, except for commissions, and can not retain money so collected a longer time than is reasonably required for its transmission to the State Treasurer.

2. Same—*provision of section 19 of Inheritance Tax law considered.* The provision of section 19 of the Inheritance Tax law of 1895, (Laws of 1895, p. 307,) requiring a county treasurer to make a sworn report to the Auditor on the first Mondays in March and September with reference to the collection and payment to the State Treasurer of money collected under such act, has no bearing upon the question as to how long the county treasurer may retain such money.

Original petition for *mandamus*.

E. C. Akin, Attorney General, (C. A. Hill, and B. D. Monroe, of counsel,) for the relator.

Julius A. Johnson, County Attorney, and Frank L. Shepard, Assistant County Attorney, for the respondent.

Mr. Justice Phillips delivered the opinion of the court:

This is an original petition for *mandamus*, filed upon the relation of J. S. McCullough, Auditor of Public Accounts, alleging the collection by defendant, as county treasurer of Cook county, of numerous sums of money, for and on account of the inheritance tax, levied and assessed against certain estates, (naming them,) and stating the amounts received from each, during the month of September, 1899, and from then on till the 22d day of January, 1900, under the terms and provisions of an act

entitled "An act to tax gifts, legacies and inheritances in certain cases, and to provide for the collection of the same," approved June 15, 1895, (Laws of 1895, p. 301,) which sums amounted to $68,470.33. The petition recites that Floyd K. Whittemore, State Treasurer, on the 17th day of November made demand on the respondent to pay the several sums of money received by him before that date into the State treasury, and that the respondent, as such county treasurer, has failed and neglected, and still fails and neglects, to pay said sums of money to the State Treasurer, and withholds and retains the same in his possession, as such county treasurer. It asks for a writ of *mandamus,* directed to Samuel B. Raymond, county treasurer of Cook county, commanding him to make payment to the State Treasurer of the said several sums of money, and each of them. To this petition respondent filed a general demurrer.

The only question which this record presents for our determination is, when the moneys collected by the county treasurer on account of inheritance taxes are required to be paid by him to the State Treasurer. The only two sections of the act which have any bearing on this question are the following:

"Sec. 6. Every sum of money retained by any executor, administrator or trustee, or paid into his hands for any tax on any property, shall be paid by him within thirty days thereafter to the treasurer of the proper county, and the said treasurer or treasurers shall give, and every executor, administrator or trustee shall take, duplicate receipts from him of said payments, one of which receipts he shall immediately send to the State Treasurer, whose duty it shall be to charge the treasurer so receiving the tax with the amount thereof, and shall seal said receipt with the seal of his office and countersign the same and return it to the executor, administrator or trustee, whereupon it shall be a proper voucher in the settlements of his accounts, but the executor, admin-

istrator or trustee shall not be entitled to credit in his accounts or be discharged from liability for such tax unless he shall produce a receipt so sealed and counter-signed by the treasurer and a copy thereof certified by him."

"Sec. 19. The treasurer of each county shall collect and pay the State Treasurer all taxes that may be due and payable under this act, who shall give him a receipt therefor, of which collection and payment he shall make a report under oath to the Auditor of Public Accounts on the first Monday in March and September of each year, stating for what estate paid, and in such form and con-taining such particulars as the Auditor may prescribe, and for all said taxes collected by him and not paid to the State Treasurer by the first day of October and April of each year, he shall pay interest at the rate of ten per cent per annum."

Counsel for respondent insist that the above sections of the law of 1895 should be read in connection with the general Revenue law of the State, and that the sections of the latter law govern the manner and time of settlements between the county treasurers and the State Treasurer, and are applicable to moneys collected under the act to tax inheritances. Sections 241 and 247 of the general Revenue law provide for settlements by county treasur-ers with the State Treasurer on the dates April 15 and July 1 of each year, and it is contended that, notwith-standing the provision in section 19 above quoted impos-ing a penalty for failure to pay over inheritance taxes by the first days of October and April each year, the county treasurers may retain all moneys coming into their hands from the inheritance tax until the said dates of settle-ment named in the general Revenue law, to-wit, April 15 and July 1. The petitioner claims, upon the other hand, that all moneys collected by the county treasurers under the act of 1895 are payable into the State treasury im-mediately upon their receipt by the county treasurers,

or within a reasonable time thereafter, in due course of business.

By the provisions of section 6, executors, administrators or trustees are required to take duplicate receipts from the county treasurer for money paid under the provisions of the act, one of which receipts is required to be forwarded to the State Treasurer, who is required to charge the county treasurer with the amount in the receipt mentioned. This duty on the part of the executor, administrator or trustee to report to the State Treasurer and to send the duplicate receipt must be done within thirty days after the payment of the money to him. The charge against the county treasurer is made at once by the State Treasurer. Section 19 provides that the county treasurer shall collect and pay to the State Treasurer all taxes that may be due and payable under the act, and the State Treasurer is required to give him a receipt therefor. No right or interest exists in the county treasurer to the money so collected save and except the commissions allowed by law, so that the right to retain the money does not exist in the county treasurer, but it is his duty to see that it, with reasonable expedition, reaches the official to whom it is to be finally paid. No check on the State Treasurer exists by reason of such payment by the county treasurer in any of the offices of the State, but it is provided in section 19 that the county treasurer shall make a report, under oath, to the Auditor of Public Accounts on the first Mondays of March and September of each year, of the collection and payments of such moneys as may be made under the act. This sworn report provided to be filed with the Auditor of Public Accounts, is a check which is made on the county treasurer to enable the Auditor to properly keep the accounts of the State. The time at which the affidavit with reference to the collection and payment of moneys provided to be collected under this act is to be filed with said Auditor is not a limitation and has no bearing on the question as

to the time during which the money so collected can be retained by the county treasurer. Having no interest in the funds so collected save his commissions, and owing the duty of seeing that the money shall reach the proper and official custodian with reasonable expedition, there is no right in the county treasurer to retain moneys a greater length of time than is reasonably required for its transmission to the State Treasurer.

The demurrer to the petition will be overruled and the writ of *mandamus* awarded, as prayed in the petition.

*Writ awarded.*