FRANK W. JONES, Appellant, *vs.* WILLIAM L. O'CONNELL, County Treasurer, Appellee.

*Opinion filed December 16, 1914—Rehearing denied Feb. 3, 1915.*

1. EQUITY—*courts of equity were established to protect and enforce equitable rights.* Courts of equity were established to protect and enforce equitable rights as well as to administer equitable remedies which courts of law were unable to grant, and whenever the primary right or interest to be maintained or enforced is purely equitable, created by equity and not by law, the jurisdiction of equity is exclusive.

2. SAME—*the jurisdiction of a court of law to protect equitable rights must be conferred by statute.* Courts of law have no jurisdiction of cases in which the right to be maintained, protected or enforced is purely equitable, unless such jurisdiction has been conferred by statute.

3. SAME—*right of tax-payer to prevent misapplication of public money is purely equitable.* The right of a tax-payer to prevent a misapplication of public money by a public official and to compel the latter to restore public funds already misapplied is purely equitable, as the legal right and title to the money are not in him and his right cannot be enforced in a court of law.

4. SAME—*tax-payer may maintain bill to enjoin misapplication of public money by the county treasurer.* A tax-payer may, on behalf of himself and other tax-payers, maintain a bill to enjoin the county treasurer from misapplying public money in his hands and to compel him to restore public money already misapplied, where the money so misapplied must be made up by taxation.

5. SAME—*fact that tax-payer has not contributed to fund does not preclude him from preventing its misapplication.* The fact that a tax-payer has not contributed to the amount of inheritance taxes collected by the county treasurer does not preclude him from maintaining a bill to enjoin a threatened misapplication of such funds by the county treasurer and to compel him to restore a portion of such funds already misapplied.

6. SAME—*tax-payer not precluded from bringing suit because State Auditor might have done so.* The right of a tax-payer to protect his interest in public money by enjoining a threatened misapplication thereof by the county treasurer is not precluded by the fact that the State Auditor might, under the statute, have instituted a suit in the name of the State.

7. OFFICES—*a public officer must perform duties for salary annexed to the office.* A public officer accepts an office *cum onere,*

and must perform the duties then and thereafter imposed upon him by law for the salary annexed to the office, so long as he chooses to retain the office.

8. SAME—*duty of receiving and paying over inheritance taxes is merely an added duty of the county treasurer.* The duty of a county treasurer to receive and pay over inheritance taxes is merely added to the duties of his office which he must perform for the salary fixed by law.

9. CONSTITUTIONAL LAW—*section 21 of Inheritance Tax law, as applied to treasurer of Cook county, is invalid.* Section 21 of the Inheritance Tax law, which authorizes a county treasurer to retain two per cent of the amount of inheritance taxes collected by him, as compensation for such service, is, as applied to the treasurer of Cook county, in violation of section 9 of article 10 of the constitution, which provides that such officer shall receive as his only compensation a salary fixed by law.

10. FEES AND SALARIES—*when county has no interest in money withheld by county treasurer.* If a law authorizing a county treasurer to retain a commission on money collected for the State is held unconstitutional the money so retained belongs to the State, and the commission authorized to be retained is not a fee or perquisite of the county treasurer's office in which the county has any interest.

CRAIG, J., dissenting.

APPEAL from the Superior Court of Cook county; the Hon. HUGO PAM, Judge, presiding.

DAVID K. TONE, for appellant.

CHURCH, SHEPARD & DAY, (FRANK L. SHEPARD, of counsel,) for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellant, Frank W. Jones, an owner of property and tax-payer in the city of Chicago, in behalf of himself and all other tax-payers, filed his bill of complaint in the superior court of Cook county against the appellee, William L. O'Connell, county treasurer of said county, alleging that

the defendant, as county treasurer, had collected from December 1, 1910, to October 12, 1912, inheritance taxes aggregating $2,317,858.69; that he retained for his personal use and benefit out of the amount so collected the sum of $46,357.17 and transmitted the balance to the treasurer of the State; that he had also collected inheritance taxes aggregating $1,000,000, no part of which had been turned over to the treasurer of the State and he was about to retain two per cent of said sum as his own; that he claimed the amount so retained and the amount he was about to retain for his services in collecting and paying over taxes pursuant to section 21 of the Inheritance Tax law; that the salary of the county treasurer of Cook county fixed by law was $4000 and the salary of a judge of the circuit court of Cook county was fixed at $10,000 a year, and that the defendant had collected his salary of $4000 a year, which, together with the amount so retained from inheritance taxes, amounted during said period to $53,000. The bill alleged, as a matter of law, that section 21 of the Inheritance Tax act, permitting defendant to retain for his services two per cent of the moneys paid to him as county treasurer and turned over to the treasurer of the State, was unconstitutional and void. The bill prayed for an injunction restraining the defendant from taking and appropriating to himself any amount over and above his annual salary, and that he be decreed to restore to the treasury of Cook county the amount withdrawn and to pay the same over to the treasurer of the State. By amendment the county of Cook was added as a defendant. A general demurrer to the amended bill was filed by the defendant, William L. O'Connell, and the chancellor sustained the demurrer. The complainant elected to stand by his amended bill, and it was dismissed for want of equity at his costs. The record has been removed to this court by appeal.

The facts alleged and admitted by the demurrer are, that the defendant, William L. O'Connell, as county treasurer

of Cook county, received the salary of $4000 per annum allowed by law for his services as county treasurer; that in addition to such salary he retained out of the inheritance taxes $46,357.17 from December 1, 1910, to October 12, 1912; that he was about to retain two per cent of a further sum of $1,000,000 inheritance taxes, and that the salary of a judge of the circuit court of Cook county was fixed at $10,000 per annum. His claim of a right to the money retained and to retain further sums from inheritance taxes is based on section 21 of the Inheritance Tax act, (Laws of 1909, p. 312,) which provides that the treasurer of each county shall be allowed to retain two per cent of all taxes paid and accounted for by him under the act in full for his services in collecting and paying the same, in addition to his salary or fees allowed by law. By the bill the complainant alleged that section 21 is in conflict with section 9 of article 10 of the constitution, which provides that the treasurer of Cook county shall receive as his only compensation a salary to be fixed by law, which in no case shall be as much as the legal compensation of a judge of the circuit court of said county, and all fees, perquisites and emoluments above the amount of said salary shall be paid into the county treasury. Section 31 of the Fees and Salaries act fixes the salary of the county treasurer of Cook county at $4000 per annum, and that salary was claimed and collected by the defendant.

The amount retained by the defendant, O'Connell, was a certain definitely fixed sum of money, and it is argued that the chancellor did not err in sustaining the demurrer, because a court of equity is without jurisdiction in such a case and will remit the complainant to a court of law, which is competent to afford an adequate remedy. The complainant could not institute any suit at law to recover from O'Connell the sum of money retained out of the inheritance taxes or any part of such sum, since the legal right and title to the money is not in him and his right is

not one recognized or enforced by a court of law. Courts
of equity were established to protect and enforce equitable
rights and interests not recognized by courts of law, as well
as to administer equitable remedies which courts of law
were unable to grant. Wherever the primary right or in-
terest to be maintained or enforced is purely equitable, cre-
ated by equity and not by the law, the jurisdiction of courts
of equity is exclusive. Courts of law have no jurisdiction
of cases in which the right to be maintained, protected or
enforced is purely equitable, unless such power has been
expressly conferred by statute, which has been done as to
some rights and interests, not including the right or inter-
est alleged in this case. If tax-payers have a right or in-
terest which the bill in this case was intended to protect it
is of a purely equitable nature, the legal right and title be-
ing in the State. If the defendant, O'Connell, has money
in his hands which he has no right to retain but which he
is bound to pay to the State treasurer, the sum retained by
him must be made up by taxation, and every tax-payer has
an equitable right to see that the money so unlawfully re-
tained shall be paid to the State treasurer for the use of the
State. This court has always recognized that rule and has
uniformly held that the tax-payers are in equity the own-
ers of the property of a municipality, and whenever public
officials threaten to pay out public funds for a purpose un-
authorized by law or misappropriate such funds, equity will
assume jurisdiction to prevent the unauthorized act or to
redress the wrong, and this is because the right and inter-
est are equitable in their nature and are not recognized by
courts of law. (*Colton* v. *Hanchett*, 13 Ill. 615; *Perry*
v. *Kinnear*, 42 id. 160; *Beauchamp* v. *Kankakee County*,
45 id. 274; *Stevens* v. *St. Mary's Training School*, 144 id.
336; *Littler* v. *Jayne*, 124 id. 123; *Adams* v. *Brenan*, 177
id. 194; *Burke* v. *Snively*, 208 id. 328.) In each of these
cases it was held that a tax-payer might assert his equitable
right to restrain the illegal use or misappropriation of pub-

lic funds in which he, in common with other tax-payers, had an interest.

The court has denied the jurisdiction of a court of equity in cases where the right sought to be protected or enforced was legal and a court of law taking cognizance of the right could afford an adequate remedy. In *County of Cook* v. *Davis,* 143 Ill. 151, the county filed a bill to enforce a purely legal demand, and the remedy in a court of law by an action against the treasurer or on his official bond would have been complete and adequate. In *County of Clinton* v. *Schuster,* 82 Ill. 137, the claim of the county against the assessor and treasurer for fees and emoluments received in excess of his annual salary was legal, and as the court found that there was no reason for a discovery the law afforded a complete and efficient remedy. Likewise in *Ramsay* v. *County of Clinton,* 92 Ill. 225, equity had no jurisdiction, since the money paid by the county to its clerk was recoverable in an action at law. These two classes of cases clearly mark the distinction between the protection and enforcement of an equitable right where the jurisdiction of equity is exclusive, and the protection and enforcement of a legal right where the prayer for an equitable remedy will be denied because not necessary for the protection of the party having the right. There have been other cases in which a tax-payer has been refused the aid of a court of equity where public funds were only indirectly involved and the primary purpose was not to prevent an illegal appropriation of such funds. An example is found in *Burgess* v. *Davis,* 138 Ill. 578, where the real controversy was whether Richard Prendergast, by accepting the office of trustee of the Sanitary District of Chicago, had resigned his office of judge of the county court, so that he was unlawfully holding the latter office. The determination of questions concerning the appointment or election of public officers is purely legal and cognizable only in courts of law, and that being the real purpose of the suit, equity had no

jurisdiction. *Lavin* v. *Commissioners of Cook County,* 245 Ill. 496, was of the same character, and a court of equity would not take jurisdiction to contest the title to an office of a *de facto* incumbent. In the case of *Highway Comrs.* v. *City of Bloomington,* 253 Ill. 164, the commissioners were entitled to the money sued for, and the claim made in the case that the suit should have been brought either in the name of the town or of the township treasurer was not raised in the circuit court, and in an action for money had and received for the use of the plaintiff it is not necessary that there should be privity in fact between the parties. The decision in that case affords no ground for saying that the complainant could have established his claim in a court of law.

It is also argued that the complainant could not maintain the suit because section 15 of chapter 15 of the Revised Statutes, prescribing the duties of the Auditor of Public Accounts, provides that he shall be deemed the proper official to institute all suits, motions and other proceedings in law and equity in which the State is plaintiff, except in cases otherwise provided by law. In *People* v. *Hamill,* 259 Ill. 506, a plea alleged that the suit was not instituted by the Auditor of Public Accounts, and we held that such a plea, being of a dilatory nature, could not be pleaded in bar of the action. The question, however, whether such a plea would be good was settled in *McCord* v. *Pike,* 121 Ill. 288. That was a suit by Eugene S. Pike and other tax-payers in Cook county, in behalf of themselves and all other tax-payers, to enjoin the county board from disposing of property of the county for a sum less than its known value or than had been offered for it. It was contended that the bill would only lie in the name of a representative of the public. After stating that such was the rule in some States, and notably New York, the court said: "But the ruling in this State is different. It is here held, that where an unjust and illegal burden is being im-

266 – 29

posed on the tax-payer by the municipality, or the money or property of the municipality, to re-place which taxation must be levied, is being wasted or squandered, the tax-payer has such a direct interest that a bill to enjoin the threatened burden will lie." The court cited numerous decisions sustaining that doctrine. If a portion of the inheritance taxes levied by the State has been and is still being misappropriated, a tax-payer, suing for himself and other tax-payers, has such a direct interest that he may maintain a suit in equity for the protection of that interest although a public official might maintain a suit in behalf of the State.

It is next insisted that the complainant had an adequate remedy at law by *mandamus* to compel the proper public official to enforce the public right, and to support the argument the cases of *Beidler* v. *Kochersperger,* 171 Ill. 563, *Kochersperger* v. *Larned,* 172 id. 86, *Kinley Manf. Co.* v. *Kochersperger,* 174 id. 379, and *New Haven Clock Co.* v. *Kochersperger,* 175 id. 383, are relied upon. Those were cases where the complainants sought the aid of equity to enjoin the collection of taxes because the board of review had failed to pass upon and decide questions committed to the board and where there was an adequate remedy at law for the enforcement of the purely legal right. The cases have no relation to the question here involved. In *Lovingston* v. *Wider,* 53 Ill. 302, it was found that no action of a court of equity was needed to protect the complainant from the payment of certificates of indebtedness which, it was alleged, were illegal, inasmuch as no tax had been or could be levied except by the action of the city council and in their discretion.

It is further contended that the complainant could not resort to a court of equity to prevent the illegal appropriation of a part of the inheritance taxes because he had contributed nothing to that fund, but any difference in right based on that ground is without substance. Such a distinc-

tion was not recognized in *McCord* v. *Pike, supra,* where the relief was not granted because the tax-payers had contributed to the purchase of the property which the county was attempting to dispose of, but was based on the fact that tax-payers had an interest in the property and any loss would have to be made up by taxation. If the defendant, William L. O'Connell, has retained and appropriated to himself moneys which belong in the public fund the amount would have to be replaced by taxation, the burden of which would fall upon the tax-payers.

On the question whether section 21 of the Inheritance Tax act conflicts with the constitution, it is argued that the defendant, William L. O'Connell, acts in a dual capacity in performing his duties as county treasurer of Cook county and in receiving and paying over moneys under the Inheritance Tax law, and that this court, in *People* v. *Raymond,* 188 Ill. 454, recognized his right to retain commissions for his services. As stated by the court, the only question which the record presented in that case related to the time when the moneys collected by the county treasurer for inheritance taxes should be paid by him to the State treasurer. There was no question concerning the right of the county treasurer to retain commissions as compensation for his official services, and it was neither argued, considered nor decided. In other cases the questions whether additional duties may be imposed by law upon a public officer and whether in their performance he ceases to act as such public officer by virtue of his office have several times been considered by this court. An officer accepts an office *cum onere,* and must perform the duties then and thereafter imposed upon him by law for the salary annexed to the office so long as he chooses to retain the office. If the duty of receiving and paying over inheritance taxes is simply added to the duties of an existing office, the defendant, O'Connell, was bound to perform them for the salary fixed by law and the constitution forbade his receiving anything further. In

*Wood* v. *Cook,* 31 Ill. 271, where by a statute the sheriff had been made *ex-officio* collector of taxes, it was held that the law simply imposed upon the sheriff the duties of collector, and the requirement that he should give an additional bond to insure the performance of the new duties did not change or affect his office. As to inheritance taxes, it is not even required that the county treasurer shall give an additional bond. The condition of the bond of the county treasurer prescribed by chapter 36 of the Revised Statutes is, that he shall perform all the duties which are or may be required by law to be performed by him as treasurer, and it is beyond question that the sureties on the bond of a county treasurer would be liable for any misappropriation by him of inheritance taxes. The Inheritance Tax law provides that inheritance taxes shall be paid to the treasurer of the proper county, and the treasurer is required to give duplicate receipts for the payment and to pay over the money to the State treasurer, so that there seems to be no room for doubt that the duties of county treasurers under the Inheritance Tax law are simply duties added to an existing office. In *Foote* v. *Lake County,* 206 Ill. 185, it was held that the compensation of the county treasurer as such, included payment for all the duties prescribed for the county treasurer as supervisor of assessments, and the decision in that case was followed and confirmed by the case of *Parker* v. *County of Richland,* 214 Ill. 165. In *People* v. *Lippincott,* 67 Ill. 333, the duties imposed upon a judge to report omissions and imperfections in the laws were not judicial, and the designation of the persons who were to perform the duties was regarded as a mere description of them. It was said that if the services or duties were to be considered as judicial and pertaining to the office of circuit judge as such, the act allowing compensation would be clearly unconstitutional. This case comes exactly within the declaration of the court that an act allowing additional compensation for the performance

of duties pertaining to an office is in violation of the constitution. The name given to the office which the defendant, O'Connell, holds, clearly indicates the object in creating the office and the nature of the duties connected with it. He is to receive, safely keep and pay over funds entrusted to his care, and the duty imposed by the Inheritance Tax law to receive and forward to the State treasurer the inheritance taxes is of the same nature as all other duties of a treasurer, and the duty was, in terms, annexed to the office. There are numerous statutory provisions imposing upon treasurers the duty to receive and pay over moneys, examples of which are found in the Eminent Domain act and in the provision for depositing with them money belonging to unknown heirs and claimants, and upon accepting the office the treasurer undertakes to perform every such duty by virtue of his office. The decision of the Appellate Court of Indiana in *State* v. *Quill,* 102 N. E. Rep. 106, that the act of Congress relating to the disposition of fees in naturalization cases prevailed over the statute of the State, does not touch the question of the power of the General Assembly to disregard constitutional limitations.

It is claimed on behalf of Cook county that the two per cent which section 21 provides shall be retained by the county treasurer was intended as a fee or perquisite of his office as treasurer, to be applied to the payment of his salary, and that any excess above the amount of the salary is to be paid into the county treasury, as provided by section 9 of article 10 of the constitution. That claim is effectually answered and disposed of by the language of section 21, which provides that the treasurer shall be allowed to retain the two per cent "in addition to his salary or fees now allowed by law." The treasurer is allowed fees, which he may retain up to the amount of his salary, which the constitution declares shall be his only compensation. The fees belong to him until they equal the amount of the

salary, to which he is limited by the constitution, but section 21 provides that he shall retain two per cent in addition to his salary or the fees allowed by law. The General Assembly could not have had an intention directly contrary to the words used to express the legislative intention, and, while declaring that the commission of two per cent should be in addition to the salary of the county treasurer, really intend that it should apply upon his salary. The General Assembly intended to give to the treasurer, in addition to his salary, two per cent for his services in collecting and paying over inheritance taxes, and it does not appear that such intention was ever questioned or that Cook county ever made any claim to the two per cent or any part of it.

The act being unconstitutional, the money alleged to have been retained belongs to the State and the county has no interest in it. The court erred in sustaining the demurrer.

The decree is reversed and the cause remanded, with directions to overrule the demurrer.

*Reversed and remanded, with directions.*

Mr. Justice Craig, dissenting:

I do not concur in the foregoing opinion. Section 9 of article 10 of the constitution of 1870 does not prohibit the county treasurer of Cook county from receiving fees, nor is the General Assembly prohibited by the constitution from fixing fees to be collected by that officer. On the contrary, section 12 of article 10 provides in express terms that the General Assembly shall, by general law, provide for and regulate the fees of State, county and township officers. The plain meaning and intent of said section 9 is that the county treasurer of Cook county is to collect and receive all fees that may be fixed by the General Assembly pertaining to his office, which in his case are fixed by section 23

of the Fees and Salaries act and other acts, and retain all such fees up to the amount of his salary fixed by law, and, as is further provided in said section 9, all fees, perquisites and emoluments of every kind above the amount of said salary shall belong to the county. By said section 9 a similar provision is made as to the compensation of clerks of all the courts of record of Cook county.

In the case of *People* v. *Gaulter,* 149 Ill. 39, we held that by section 9 of article 10 of the constitution all the fees, perquisites and emoluments of the clerks of courts of record in Cook county above the amount of their salaries as fixed by law are required to be paid into the county treasury, and any increase in taxable costs did not increase the salaries of such clerks, and therefore that the act of 1893 increasing the amount of costs to be paid to such clerks did not violate the provision of the constitution which prohibits any increase in the fees, salary or compensation of certain officers during their terms of office, as such officers' fees are not thereby increased. Section 10 of article 10 of the constitution contains provisions similar to the provisions of section 9 of article 10 as to paying the compensation of the county officers therein named out of the fees of their offices, and requiring that all fees or allowances by them received in excess of their compensation shall be paid into the county treasury. In the case of *Coles County* v. *Messer,* 195 Ill. 540, it was said, on page 545 of the opinion: "The often repeated provision of the constitution relating to the fees of county officers is found in section 10 of article 10, which provides that the county board shall fix the compensation of all county officers; * * * that in all cases where fees are provided for, said compensation shall be paid only out of and shall in no instance exceed the fees actually collected, and that all fees or allowances received by such officers in excess of their said compensation shall be paid into the county treasury."

To the same effect is *County of LaSalle* v. *Milligan*, 143 Ill. 321.

Section 21 of the Inheritance Tax law, fixing a fee or commission for the county treasurer, is no different from other laws which fix fees for the treasurer and other county officers. These officers are entitled to retain their fees up to the amount of their respective salaries or compensation and have no other fund from which such compensation can be paid. All such fees received by them in excess of their compensation are paid into the county treasury and become the funds of the county. This being true, section 21 of the Inheritance Tax law is, in my opinion, constitutional, and the county treasurers of the several counties in the State are entitled to retain the two per cent provided for, if necessary to make up their salaries or compensation; if not, then it should be turned over to the county. It should be treated the same as all other fees and earnings of the office. The words, "in addition to his salary or fees now allowed by law," at the end of section 21, add nothing to that section. Of course, a fee or commission allowed by any law would be in addition to fees provided by other laws, and the section would have the same meaning if the language above quoted were omitted or entirely disregarded.

The only theory upon which the bill of appellant is sustained, as held in the foregoing opinion, is, that if the fees or commission of two per cent to be retained by the county treasurer under section 21 of the Inheritance Tax law is taken out of the amount of inheritance tax collected the deficiency will have to be supplied by other taxes, and that the tax-payer therefore has an interest and may maintain a suit in equity to prevent this deficiency in the funds of the State raised by taxation. The complainant in his bill alleges that he is a resident and tax-payer of Cook county, and it is apparent that if the result of declaring section 21 of the Inheritance Tax law unconstitutional will be that

the county loses these fees, then whatever appellant gains as a payer of State taxes he will lose as a payer of county taxes, and the only theory upon which the bill can be sustained fails. Section 21 of the Inheritance Tax law now in force was the same as section 20 of the act of 1895 to tax gifts, legacies and inheritances, and ever since the enactment of that law the provisions of this section have been recognized as valid. While it is true that in the case of *People* v. *Raymond,* 188 Ill. 454, the only question before the court was whether the moneys collected by the county treasurer on account of inheritance taxes should be paid to the State Treasurer at the time provided in the Inheritance Tax law, or should be paid at the time provided for settlements between the county treasurers and the State Treasurer, as provided by the general Revenue law, in the opinion in that case, on page 457, the court said: "No right or interest exists in the county treasurer to the money so collected save and except the commissions allowed by law, so that the right to retain the money does not exist in the county treasurer, but it is his duty to see that it, with reasonable expedition, reaches the official to whom it is to be finally paid." Again, on page 458, it is said: "Having no interest in the funds so collected save his commissions, and owing the duty of seeing that the money shall reach the proper and official custodian with reasonable expedition, there is no right in the county treasurer to retain moneys a greater length of time than is reasonably required for its transmission to the State Treasurer." From the foregoing language it would seem that the right of the county treasurer to retain the fees provided by section 20 of the law then in force, which is the same as section 21 of the present law, as one of the earnings of his office, was fully recognized, and the opinion in that case is entirely in accord with numerous other decisions of this court as to the disposition of the fees of county officers

over and above the amount necessary to pay their salaries or compensation.

Section 9 of article 10 of the constitution further provides how the number of deputies and assistants of the county officers mentioned in that section shall be determined, and also provides that their compensation shall be fixed by the county board. The reasonableness and necessity of such provision are apparent from the facts of this case. While the county treasurer must take any additional duties imposed by law *cum onere,* the efficient administration of his office, and a compliance with the provisions of the Inheritance Tax law where the amount of tax collected is as large as shown by the bill of complainant, require the employment of assistants, and they must be paid from the county funds. It was not the purpose of the law to enforce the collection of a State tax at the expense of the county.

Furthermore, I do not think that the complainant has the right to maintain this suit. While it is true that the aid of a court of equity may be invoked to prevent an illegal and unauthorized expenditure of public funds or disposition of public property, a suit in equity will not lie when there is an adequate remedy at law. The suit is brought on behalf of all tax-payers of the county, and, in effect, it was sought to obtain a judgment by means of a decree. There is an adequate remedy at law in this case and proper officers to bring an action at law by which the rights and interests of all the tax-payers will be fully protected. I think that the rule laid down in *County of Cook* v. *Davis,* 143 Ill. 151, applies to this case and that the demurrer to the bill should have been sustained.