THE COUNTY OF LAKE, Appellee, *vs.* CARL P. WESTERFIELD, Appellant.

*Opinion filed June 24, 1915.*

1. APPEALS AND ERRORS—*when appeal is properly taken to the Supreme Court.* The defendant in a suit by a county to recover inheritance tax fees withheld by him as county treasurer under the Inheritance Tax law is entitled to take an appeal to the Supreme Court from the judgment against him if at the time the appeal is taken the question involved has not been decided by the Supreme Court.

2. FEES AND SALARIES—*county treasurer is not entitled to retain commissions in inheritance tax cases.* Section 21 of the Inheritance Tax law, authorizing the county treasurer to retain two per cent of all taxes paid and accounted for under the act for his services in collecting and paying over the same, in addition to his salary allowed by law, is unconstitutional, and the county treasurer is not entitled to retain such commissions. (*Jones v. O'Connell,* 266 Ill. 443, followed.)

3. SAME—*county cannot recover inheritance tax commissions retained by county treasurer.* Since section 21 of the Inheritance Tax law, authorizing the county treasurer to retain commissions, is unconstitutional, the entire inheritance tax collected by him must be paid to the State, and the county has no such interest, as a trustee for the State or otherwise, as entitles it to maintain a suit to recover from the county treasurer commissions retained under said section 21.

CRAIG, J., dissenting.

APPEAL from the Circuit Court of Lake county; the Hon. CLAIRE C. EDWARDS, Judge, presiding.

A. F. BEAUBIEN, and FRANK L. SHEPARD, for appellant.

· R. J. DADY, State's Attorney, (E. M. RUNYARD, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This is a suit in assumpsit brought by the appellee, the county of Lake, against the appellant, Carl P. Westerfield, county treasurer. The declaration averred that the defendant was county treasurer of the county of Lake; that his salary was fixed at $2500 per annum; that he collected and retained as his commission on inheritance taxes $7530.89, and that he had appropriated the same to his own use and refused to account for or pay over the money to the county. The defendant pleaded the general issue, and there was a trial by the court, without a jury, upon a stipulation of facts corresponding with the averments of the declaration. The court held as propositions of law that a county treasurer must pay into the county treasury all fees, perquisites and emoluments received by him above the amount of his salary; that the commission on inheritance taxes provided for by section 21 of the Inheritance Tax law is a perquisite or emolument of the office of county treasurer, and that he is required by law to pay all such commissions above his salary to the county. The court refused propositions submitted by the defendant that county treasurers may retain as their own property two per cent of the amount of inheritance taxes collected and that the money collected by the defendant belonged to him. The amount sued for was in excess of the salary of the defendant and the court entered judgment for the amount and costs, from which the defendant appealed.

The question whether a county is entitled to the commission provided for in section 21 of the Inheritance Tax

law in excess of the salary of the county treasurer had not been finally decided by this court when the appeal in this case was taken and the defendant was entitled to bring the case to this court by appeal. Afterward it was settled by the decision in *Jones* v. *O'Connell,* 266 Ill. 443, that a county has no interest in the two per cent deducted from the moneys of the State by a county treasurer for his services in collecting and paying over inheritance taxes. The money sued for was not due to the county of Lake but was due and owing to the State of Illinois.

The law concerning the right to the fund is not now questioned and it is conceded that the propositions of law held at the instance of appellee were incorrect, but counsel for the appellee present the view that the judgment may be sustained because the county had such an interest as entitled it to recover the money and hold it for the benefit of the State. The argument is based on various provisions of the statutes relating to the duty of the county treasurer to collect and report to the county board moneys collected by him, under which it is contended that the county occupies the position of a trustee for the State and may collect the money. Whether a county is in any case a trustee for minor municipalities or for persons entitled to moneys collected by the treasurer, which we do not decide, it is clear that the Inheritance Tax law does not contemplate payment to the county. Section 20 requires the treasurer of each county to collect and pay to the State Treasurer all taxes that may be due and payable under the act, and section 21 purported to authorize the treasurer to retain two per cent of all taxes paid and accounted for under the act for his services in collecting and paying over the same, in addition to his salary allowed by law. His obligation is to pay the taxes to the State Treasurer, and section 21 being in violation of the constitution, he must pay over all taxes. It is true that a county treasurer becomes liable for inheritance taxes by virtue of his bond,

because the duty to collect and pay over is imposed upon him by the statute by virtue of his office as county treasurer, but that does not make the county a trustee for the State. The bond is made to the People of the State of Illinois, and the condition is that the county treasurer shall perform all the duties that are or may be required by law to be performed by him as treasurer, in the time and manner prescribed or to be prescribed by law. So far as inheritance taxes are concerned, the obligation of the bond is to the People for the use of the State. The propositions held to be the law were not correct and the stipulated facts showed that the county had no cause of action.

The judgment is reversed.     *Judgment reversed.*

Mr. JUSTICE CRAIG, dissenting:

I dissent for the reasons heretofore expressed by me in the dissenting opinion in *Jones* v. *O'Connell*, 266 Ill. 443, and for the further reason that it has been overlooked that county treasurers of the counties of this State are by law allowed a commission, when acting as county collectors, on certain moneys collected and paid over by them, the amount of such commission depending upon the classification of the county. In counties of the second class, which includes the county of Lake, the county treasurer, when acting as county collector, is allowed a commission of two per cent on all moneys collected by him and paid over to the proper officer, except moneys collected for incorporated cities, villages and other municipalities in counties under township organization, upon which he is allowed a commission of one per cent. (Hurd's Stat. 1913, chap. 53, sec. 21.) Appellant was therefore entitled to a commission of two per cent on all State taxes collected by him and paid over to the State Treasurer. The provision in the Inheritance Tax law allowing the county treasurer to retain as a commission or fee for collecting each inheritance tax two per cent of that particular State tax is merely declaratory of the

law already in force, as provided by section 21 of the Fees and Salaries act. In fact, if section 21 had been entirely omitted from the Inheritance Tax law, could any reason be given why appellant, as county treasurer, could not retain two per cent from all inheritance taxes collected by him under section 21 of the Fees and Salaries act? If the provision of the Inheritance Tax law in question is unconstitutional, as held in the above opinion on the authority of *Jones* v. *O'Connell, supra,* then the similar provision of section 21 of the Fees and Salaries act is also unconstitutional. The inheritance tax collected by the county treasurer was a State tax, the same as other State taxes collected by the county treasurer and paid over to the State Treasurer under the Revenue law. Under the plain provisions of section 10 of article 10 of the constitution of 1870, appellant, as a county officer, had the right to collect the fees in question and apply them on his compensation as fixed by the county board, and it was his duty to pay over any balance to the county, as held in numerous decisions of this court from the adoption of the constitution of 1870 down to the present time. (*Kilgore* v. *People,* 76 Ill. 548; *Broadwell* v. *People,* id. 554; *Cooper* v. *People,* 85 id. 417; *People* v. *Foster,* 133 id. 496; *County of Mason* v. *Drainage Comrs.* 140 id. 539; *County of LaSalle* v. *Milligan,* 143 id. 321; *Carroll County* v. *Durham,* 219 id. 64; *Spring Creek Drainage District* v. *Elgin, Joliet and Eastern Railway Co.* 249 id. 260; *People* v. *Witzeman, ante,* p. 508.) It follows that the county had the right to sue for and recover such balance.

I think the judgment of the circuit court should be affirmed.