### Lewis H. Hays et al., Appellants, v. Matthew Martin, Individually and as County Clerk of White County, Illinois, and White County, Illinois, Appellees.

1. COUNTIES—*right of citizens and taxpayers to maintain suit in equity to compel accounting by county clerk for alleged illegally retained fees and compensation.* Citizens and taxpayers of a county are entitled to maintain a suit in equity to compel an accounting by a county clerk of such county for fees and compensation alleged to have been illegally retained by him as such officer, it appearing that the county and its officers have failed or refused to institute proceedings to that end, and that complainants have no adequate remedy at law.

2. COUNTIES—*county as proper party defendant in taxpayers' suit to compel accounting by county clerk for alleged illegally retained fees and compensation.* In a suit by citizens and taxpayers of a county to compel an accounting by a county clerk of such county for fees and compensation alleged to have been illegally retained by him as such officer, the county, having an interest in the subject matter of the controversy, is a proper party defendant.

3. COUNTIES—*conditions limiting allowances to county clerk for hire of assistance and increase thereof during his term.* There is no limitation fixed by the Constitution as to the amount which may be allowed for the hiring of deputies to assist a county clerk in the performance of his duties, and such amount may lawfully be in-

creased during the term of a clerk's office, provided that the original allowance was made as an item separate from the salary of the clerk.

4. COUNTIES—*sufficiency of evidence to show adequate accounting by county clerk for allowance by county board for "making out taxbooks."* Where the evidence in a suit to compel a county clerk to account for compensation alleged to have been illegally retained by him as such officer fails to controvert his testimony that he regarded an appropriation by the county board to his office for "making out taxbooks" as one for the employment of clerks to do that work, and that he used such appropriation in that way, retaining nothing therefrom personally, he will not be required further to account for such appropriation, especially where it appears that the total appropriation for his office during the period for which accounting was sought was within the sum which legally could have been allowed for his salary alone, except during one quadrennial period, and then but slightly in excess thereof.

5. COUNTIES—*duty of county clerk in respect of reporting and accounting for fees for service as clerk of probate court.* While a county clerk is entitled to report, as an earning of his office, the statutory fee for attendance as clerk of the probate court, for every day of the year except Sundays and holidays, he may not retain such fees personally, but must account for them as for other earnings of the office.

6. COUNTIES—*sufficiency of evidence to show failure of county clerk properly to account for fees collected for computing and extending taxes.* Evidence in a suit to compel a county clerk to account for fees and compensation alleged to have been illegally retained by him as such officer held to show a failure fully to report and account for fees collected in certain years for computing and extending taxes.

7. LIMITATIONS OF ACTION—*inapplicability of statute to suit by taxpayers to compel accounting by county clerk for alleged illegally retained fees and compensation.* Since a suit by citizens and taxpayers to compel a county clerk to account for fees and compensation alleged to have been illegally retained by him while acting as such officer is one on behalf of the county and hence of a public nature, the accounting is not restricted to the five-year period prior to the filing of the bill, the statute of limitations being inapplicable.

8. COUNTIES—*audit and approval of county clerk's account by county board as bar to taxpayers' suit to compel accounting for alleged illegal allowances to clerk thereof.* Citizens and taxpayers seeking the aid of a court of equity to compel an accounting by a county clerk for fees and compensation alleged to have been illegally

retained by him while acting as such officer are not estopped to maintain the suit by reason of the fact that the accounts of such officer have been audited and approved by the county board of such county.

Appeal by plaintiffs from the Circuit Court of White county; the Hon. CHARLES H. MILLER, Judge, presiding. Heard in this court at the October term, 1925. Reversed and remanded. Opinion filed April 27, 1926.

JOHN A. MACNEIL and ULYS PYLE, for appellants.

CREIGHTON & THOMAS and CONGER & ELLIOTT, for appellees.

MR. PRESIDING JUSTICE BOGGS delivered the opinion of the court.

Appellants, being citizens and tax-payers of White county, filed a bill for accounting, running to the May term, 1925, of the circuit court, against Matthew Martin, individually and as county clerk of said county, alleging that at the general election, 1906, appellee Martin was elected county clerk of said county, and was re-elected at each quadrennial election thereafter, and is now serving in said capacity; that appellee Martin's salary for his first term was fixed by the county board at $800 per year, for his second and third terms at $1,200 per year, for the fourth term at $1,400 per year, and the present term at $1,500 per year; that in addition thereto said board also provided an additional sum of $200 per annum for the first term for making up the taxbooks, for the second and third terms $600 per annum, for the fourth term $650 per annum, and for the last term $450 per annum. It is charged in said bill that said sums for the making up of said taxbooks were collected by appellee Martin and were illegally retained by him. It is further alleged that appellee Martin had illegally made charges against the county for services for attendance on the probate

court, and that he had illegally collected and retained fees for extending the state, county and other taxes. Said bill also alleged that the county board had wrongfully approved the accounts and semiannual reports of said Martin, and that the approval thereof should be set aside. It was prayed in said bill that appellee Martin be required to account for said funds so collected and illegally retained by him, and that he be decreed to pay to the treasurer of said county any amount found to be due said county upon such accounting. To said bill the county of White was also made a party defendant.

Separate answers, denying the material allegations of said bill, were filed by said defendants, and appellants filed replications thereto. Said cause was heard in open court, a finding was made in favor of appellees, and a decree was rendered dismissing said bill for want of equity. To reverse said decree, said cause is brought to this court by appeal.

The first question arising on the record is as to whether appellants as such citizens and taxpayers have a standing in a court of equity to prosecute said bill.

It is the theory of counsel for appellees that appellants' remedy, if they have one, is to file a petition for a writ of mandamus to compel the county authorities to institute suit against appellee Martin to recover whatever amount, if any, may be owing to said county. It is also insisted by appellees that, this being a matter in which the public is interested, such suit should be brought by the state auditor of public accounts, or in the name of the People. A long line of authorities is cited by counsel for appellees, which they insist support their contention.

Without going into a discussion of these cases, we are of the opinion that they do not sustain appellees' theory, and we hold that a court of equity does have jurisdiction in this character of case. *Jones v. O'Con-*

*nell,* 266 Ill. 443; *People v. Holten,* 287 Ill. 225. In *Jones v. O'Connell, supra,* the court at page 447 says:

"This court * * * has uniformly held that the tax-payers are in equity the owners of the property of a municipality, and whenever public officials threaten to pay out public funds for a purpose unauthorized by law or misappropriate such funds, equity will assume jurisdiction to prevent the unauthorized act or to redress the wrong, and this is because the right and interest are equitable in their nature and are not recognized by courts of law." Citing *Colton v. Hanchett,* 13 Ill. 615; *Perry v. Kinnear,* 42 Ill. 160; *Beauchamp v. Board Sup'rs Kankakee Co.,* 45 Ill. 274; *Stevens v. St. Mary's Training School,* 144 Ill. 336; *Littler v. Jayne,* 124 Ill. 123; *Adams v. Brenan,* 177 Ill. 194; *Burke v. Snively,* 208 Ill. 328. Further discussing this question, the court at page 449 says:

"It was contended that the bill would only lie in the name of a representative of the public. After stating that such was the rule in some States, and notably New York, the court said: 'But the ruling in this State is different. It is here held, that where an unjust and illegal burden is being imposed on the taxpayer by the municipality, or the money or property of the municipality, to replace which taxation must be levied, is being wasted or squandered, the tax-payer has such a direct interest that a bill to enjoin the threatened burden will lie,' * * * although a public official might maintain a suit in behalf of the State."

And at page 450 the court also holds that tax-payers in this character of case are not required to proceed by mandamus to protect their rights.

And in *People v. Holten, supra,* the court at page 231, in discussing a question of this character, says:

"If those charged with the duty of protecting and conserving the public money fail or refuse to act in such cases for the benefit of the tax-payers, from whom the money was collected and who have an interest in

its proper appropriation, the tax-payers may resort to equity to redress the wrong.''

It is contended by appellees that the cases of *Jones v. O'Connell, supra,* and *People v. Holten, supra,* do not apply and are not applicable to this case, for the reason that those were cases where a public official was sought to be enjoined from illegally paying out the funds of the public, but that in this case injunction is not sought, but an accounting is sought for funds already paid out.

In *Jones v. O'Connell, supra,* while injunction was sought as one of the grounds of relief, an accounting was also prayed for. While those cases are not on all fours with this case, we are of the opinion and hold that inasmuch as appellants, as tax-payers, have an equitable interest in the funds sought to be recovered, and inasmuch as they have no adequate remedy at law, that a bill will lie to enforce their equitable rights. The county of White has an interest in the subject matter of the proceeding, and was properly made party defendant to said bill.

The record discloses that appellee Martin was elected county clerk of White county in 1906, and has been successively re-elected at every general election thereafter, and was holding such office at the time the bill in this case was filed. At the September meeting, 1906, the county board fixed the salary, clerk hire, etc., of the county clerk as follows: "County clerk, $800.00; making out taxbooks, $200.00; deputy hire, $600.00." In the same manner the allowances were made by said board at the beginning of each term of appellee Martin as such county clerk, that is to say, his salary was fixed at so much, his deputy hire at so much, and the making of the taxbooks at so much. Appellee collected said sums for making up said taxbooks, in addition to his salary and deputy hire.

Appellants contend that appellee Martin's salary having been fixed at a definite sum by the county board

at the beginning of each term for which he served as county clerk, respectively, it could not be increased during that term, and that such an allowance amounted to an increase.

There is no limitation fixed by the Constitution as to the amount that shall be allowed for the hiring of deputy clerks to assist the clerk in and about the duties of his office. The amount allowed therefor may be increased during the term of a clerk's office, if the exigencies of the business so require. *County of La Salle v. Milligan,* 143 Ill. 321-330; *Coles County v. Messer,* 195 Ill. 540-545; *People v. Fuller,* 238 Ill. 116-132. If the allowance to a clerk for his salary, deputy hire and expenses of his office are in one gross sum, the board cannot legally increase the same, but if the allowance to the clerk for his salary is separate from the allowance for deputy hire and other expenses of his office, the amount allowed for deputy hire and other expenses may be increased by the board, where such increase is necessary.

Appellee Martin's testimony discloses that he construed said allowance as an allowance for extra clerk hire on such taxbooks, and that he paid out such sums for that purpose and retained no part thereof for himself. There being no evidence in the record to the effect that he did not so pay out said sums therefor, we do not think he should be held to further account for the same, especially in view of the fact that said entire allowance, except for the last quadrennial period, was within the amount the board were authorized to allow as clerk's salary, and as to the last period, it was only $50 per year in excess thereof.

It is also contended by appellants that appellee Martin wrongfully charged the county for attendance as clerk on the probate court at the amount provided by statute for the attendance of the clerk on the county court, for practically every day in the year except Sun-

days and holidays, and that this charge was illegal and that appellee should be held to account for the same.

There are twelve terms of the probate court in each year, beginning on the first Monday of each month, and the law provides that the county court shall be open for probate business each day of the term, so that if the county clerk does attend the probate court each day of the year, Sundays and holidays excluded, we know of no reason why he would not be entitled to report the same as an earning of the office, at the rate provided therefor. Cahill's St. ch. 53, ¶ 105. While this is an earning of the office, the county clerk does not draw pay therefor to be retained by him personally, except insofar as may be necessary to pay his salary and the expenses of his office for clerk hire, etc. Whatever the earnings of the office may exceed the amount necessary to pay such salary, clerk hire, etc., the same goes into the county treasury for the benefit of the county.

It is also contended that appellee Martin has collected the statutory per cent for extending the taxes in said county, and has collected therefor and retained the same to an amount in excess of the amount due him as salary.

The county clerk is allowed to charge for computing and extending each tax, on each description of real estate and each person's personal tax, two cents for each extension. Callaghan's Ill. Stat. Ann. ch. 53, ¶ 31. The record discloses that Mr. Martin collected from that source for the year 1919, the sum of $1,750.62; for 1920, $2,228.42; for 1921, $2,214.76; for 1922, $2,251.14; and for 1923, $2,305.40. He testified that these items were included in his semiannual reports under the heading "miscellaneous receipts," and that other items were also reported under the same heading. The record does not bear out this statement for the reason that he received the $1,750.62 for the year 1919, on March 19 and 20, 1920, and in his semi-

annual report for the six months ending May 31, 1920, he reported miscellaneous receipts of $650.75, or $1,099.87 less than he received for computing and extending taxes, to say nothing of other items of receipts which he was in the habit of reporting under the same title. Nor is it included in the report for the next six months. The same situation exists with reference to the amounts received for computing and extending taxes in the other years above mentioned. The record does not disclose the amount collected by Mr. Martin for extending taxes for the years prior to 1919. The inference is that the court did not allow appellants to go beyond five years prior to the filing of the bill.

The statute provides that county officers shall pay into the county treasury all fees or allowances received by them in excess of their compensation fixed by the county board. Section 10, art. 10. The statute provides that all fees, perquisites and emoluments received by county officers in counties of the first and second classes (above the amount of their compensation fixed by the county board, and for clerk hire and other necessary expenses) shall be paid into the county treasury. Callaghan's Ill. Stat. Ann. ch. 53, ¶ 65.

There can be no question but that all money received by the county clerk for computing and extending taxes was an earning of his office and should be fully accounted for. From this record, we are of the opinion that he should be required to account in that regard.

The statute of limitations was set up by appellees as a bar to any accounting on funds received by the county clerk more than five years prior to the filing of the bill. This proceeding is on behalf of the county, and is public in its nature. *Galbraith v. Littiech,* 73 Ill. 209; *Board Sup'rs Logan Co. v. City of Lincoln,* 81 Ill. 156; *Catlett v. People ex rel. State's Attorney,* 151 Ill. 16-23; *City of Sullivan v. Tichenor,* 179 Ill. 97-101.

Lastly it is contended by appellees that no accounting can be had in this case for the reason that the statute provides for the county board auditing the reports of the county clerk and other officers of the county, and that the record in this case shows that the same were so audited and approved, and that therefore, there being no charge of fraud, the transaction is closed and cannot be gone into by bill for accounting.

The county is not estopped by the county board passing and approving an account containing charges of illegal fees. *Board Sup'rs Cumberland Co. v. Edwards,* 76 Ill. 544; *People v. Foster,* 133 Ill. 496; *People v. Czaszewicz,* 295 Ill. 11.

For the reasons above set forth, the judgment of the trial court will be reversed, and the cause will be remanded for further proceedings in harmony with the holdings of the court herein.

*Reversed and remanded.*